Parsons, C. J.
As the effect of judgments recovered in other states in the Union, when produced in this Court to maintain actions sued here on such judgments, has been the subject of much discussion, we have considered in some detail the effect which is allowed to foreign judgments in our courts.
* A foreign judgment may be produced here by a party to it, either to justify himself by the execution of that judgment in the country in which it was rendered, or to obtain the execution of it from our courts.
If the foreign court, which rendered the judgment, had jurisdiction of the cause, the justification is admitted, and the regularity of the proceedings is not to be drawn into question. But if the foreign court had no jurisdiction of the cause, the justification will be rejected, without inquiring into the merits of the judgment. In such case, therefore, the judgment may be impeached, by showing that the Court rendering it had no jurisdiction of the cause.
If the judgment be produced by a party, to obtain the execution of it here, the question of the jurisdiction of the Court rendering it, is still open to inquiry. And if a defect of jurisdiction should appear, the party producing the judgment must fail, without any inquiry into its merits. But if the foreign court rendering the judgment had jurisdiction of the cause, yet the courts here will not execute the judgment, without first allowing an inquiry into its merits. The judgment of a foreign court, therefore, is by our laws considered only as presumptive evidence of a debt, or as prima facie evidence of a sufficient consideration of a promise, where such court had jurisdiction of the cause; and if an action of debt be sued on any such judgment, nil debet is the general issue; or, if it be made the consideration of a promise, the general issue is non assumpsit. On these issues the defendant may impeach the justice of the judgment, by evidence relative to that point. On these issues the defendant may also, by proper evidence, prove that the judgment was rendered by a foreign court, which had no jurisdiction ; and if his evidence be sufficient for this purpose, he has no •'ccasion to impeach the justice of the judgment.
*409 Before the ratification of the confederation of the United States, all the courts of the several provinces, colonies, or states, were, at common law, deemed to be foreign to * each other, and judgments rendered by any one of them were considered by the others as foreign judgments.
As some inconveniences resulted from this consideration of the judgments rendered in the neighboring colonies, by debtors, after judgments against them, removing with their effects into the then province of Massachusetts Bay, before satisfying those judgments,— it was provided by the provincial act of 14 Geo. 3, c. 2, that on judgments rendered in the courts of the neighboring colonies, actions of debt might be sued here, and that, on a plea of nul tiel record, the records of those judgments, attested by the clerk of the court rendering the same, should be good and sufficient evidence of the records. By this statute, judgments rendered in the courts of the neighboring colonies could not be here impeached, provided the courts rendering those judgments had competent jurisdiction. For the statute is predicated on the fact that the defendants were, at the time of rendering the judgments, inhabitants of the colonies in which the judgments were obtained. This act was in force until the statute of 1795, c. 61, was passed.
In the mean time, by the ratification of the confederation, the several states agreed “ that full faith and credit should be given in each of the states to the records, acts, and judicial proceedings, of the courts and magistrates of every other state.”
Afterwards a similar provision was made in the federal constitu tian, which declares that “ full faith and credit shall be given, in each state, to the public acts, records, and judicial proceedings, of every other state;” and power is given to the Congress to prescribe the manner in which such acts, records, and proceedings, might be proved, and the effect thereof.
By an act of the first Congress, c. 38, this power was executed; and it is therein enacted that records and judicial proceedings, authenticated as in that act is prescribed, shall have full faith and credit given to them in every court within the United . States, as they have, by law or * usage, in the courts of the state from whence the said records are or shall be taken.
By the statute of the commonwealth already cited, (1795, c. 61,) actions of debt may be brought upon any judgment for debt, damages, or costs, rendered in any court of record of the United States, or of any other state in the Union, in any court of record of this commonwealth holden for the county, in which either party shall dwell, or in which the debtor shall have any valuable estate. This *410 statute is now in force here; for we know of no provision in the federal constitution, or in any law of Congress passed in pursuance of it, prohibiting any state from giving to judgments recovered in any other state any effect it may think proper; so that it does not derogate from the effect secured by the constitution, and the acts of Congress passed under it.
But it does not appear to me to be material whether this cause is to be governed by our statute, or by the laws of the United States, as my opinion will rest upon the same principles. And I am satisfied that it was the intention of our own legislature, and also of the federal government, to place the judgments recovered in any of the courts of the United States on better ground than judgments rendered in any other state or country; and that judgments of this last description only can now be considered as foreign judgments.
If such was not the intention, it is difficult for me to conceive on what ground so much care was taken, as well in the confederation as in the federal constitution, to give full faith and credit to judgments rendered in any of the United States. If it be supposed that all this care was taken to restrain any state from placing the judgments of the other states on a ground less favorable than judgments rendered in foreign states or countries, this supposition is defeated by the act of Congress before referred to, which enacts that the judgments of any of the United States, duly authenticoted, shall have in each state the same faith and * credit given to them, as they have in the state whence they shall have been brought.
It has been further objected, on the part of the defendant in the case at bar, that the provision in the federal constitution has no force until Congress declare the effect of judgments rendered in any of the United States, and that Congress has made no such declaration.
But this objection is founded on an erroneous construction of the constitution; for, by the express words of the constitution, all the effect is given to judgments rendered in any of the United States, which they can have, by securing to them full faith and credit, so that they cannot be contradicted, or the truth of them denied. And the future effect which Congress was to give relates to the authentication, the mode of which is to be prescribed. In this sense the Congress understood the subject;,for, after providing a mode of authentication, it is enacted that judgments so authenticated shall have the same full faith and credit given to them in every state, as they have in the state from whence they were taken.
But neither our own statute, nor the federal constitution, nor the act of Congress, had any intention of enlarging, restraining, or in *411 any manner operating upon, the jurisdiction of the legislatures, or of the courts of any of the United States. The jurisdiction remains as it was before; and the public acts, records, and judicial proceedings, contemplated, and to which full faith and credit are to be given, are such as were within the jurisdiction of the state whence they shall be taken. Whenever, therefore, a record of a judgment of any court of any state is produced as conclusive evidence, the jurisdiction of the court rendering it is open to inquiry; and if it should appear that the court had no jurisdiction of the cause, no faith or credit whatever will be given to the judgment.
This question came before the Circuit Court of the United .States holden at Exeter some years since. Dr. Scott, late of Boston,, while he lived, was seised of lands in New Hampshire.
* His administrator obtained a license from the legislaturc of Massachusetts to sell those lands, and under that license they were sold. When the children of Dr. Scott came of age, they sued a writ of entry against the assignee of the purchaser, to recover the lands. The license and sale under the authority of the state of Massachusetts were given in evidence in the defence; and the federal constitution and the act of Congress were relied on. But the Court were of opinion that the full faith and credit that were to be given to public acts of the legislature, were confined to those acts which a legislature had lawful authority to pass; and that it was not within the jurisdiction of the legislature of Massachusetts to license the sale of lands in New Hampshire.
And upon the same principle, if a court of any state should render judgment against a man not within the state, nor bound by its laws, nor amenable to the jurisdiction of its courts,— if that judgment should be produced in any other state against the defendant, the jurisdiction of the court might be inquired into, and if a want of jurisdiction appeared, no credit would be given to the judgment.
In order to entitle the judgment rendered in any court of the United States to the full faith and credit mentioned in the federal constitution, the court must have had jurisdiction, not only of the cause, but of the parties.
To illustrate this position, it may be remarked that a debtor living in Massachusetts may have goods, effects, or credits, in New Hampshire, where the creditor lives. The creditor there may lawfully attach these, pursuant to the laws of that state, in the hands of the bailiff, factor, trustee, or garnishee, of his debtor; and on recovering judgment, those goods, effects, and credits, may lawfully be applied to satisfy the judgment; and the bailiff, factor, trustee, or garnishee, if sued in this state for those goods, effects, or credits, shall in our courts be protected by that judgment, the court in New Hampshire. *412 having jurisdiction of the cause for the purpose of rendering that judgment, — *and the bailiff, factor, trustee, oi- garnishee, producing it, not to obtain execution of it here, but for his own justification. If, however, those goods, effects, and credits, are insufficient to satisfy the judgment, and the creditor should sue an action on that judgment in this state to obtain satisfaction, he must fail, because the defendant was not personally amenable to the jurisdiction of the court rendering the judgment. And if the defendant, after the service of the process of foreign attachment, should eilher in person have gone into the state of New Hampshire, or constituted an attorney to defend the suit, so as to protect his goods, effects, or credits, from the effect of the attachment, he would not thereby have given the court jurisdiction of his person; since this jurisdiction must result from the service of the foreign attachment. It would be unreasonable to oblige any man living in one state, and having effects in another state, to make himself amenable to the courts of the last state, that he might defend his property there attached.
From this reasoning the conclusion is manifest, that judgments rendered in any other of the United States are not, when produced here as the foundation of actions, to be considered as foreign judgments, the merits of which are to be inquired into, as well as the jurisdiction of the courts rendering them. Neither are they to be considered as domestic judgments, rendered in our own courts of record, because the jurisdiction of the courts rendering them is a subject of inquiry. But such judgments, so far as the court rendering them had jurisdiction, are to have in our courts full faith and credit. They may, therefore, be declared on as evidences of debts or promises; and, on the general issue, the jurisdiction of the courts rendering them is put in issue, but not the merits of the judg ments.
When we look into the case before us, we find that the judgment, on which the present action was brought, was rendered in a court of record in the state of Neio Hampshire, against defendants who are named in the writ as of Boston, *in this commonwealth; and it is agreed that, when the writ was issued and served, they were in the state of New Hampshire, and that the original process was served on them personally. It appears from the record, and is agreed, that they appeared to the writ and defended the action, and were thus parties to the judgment. Now, an inhabitant of one state may, without changing his domicile, go into another; he may there contract a debt or commit a tort; and while there he owes a temporary allegiance to that state, is bound by its laws, and is amenable to its courts. The de *413 fendant, Briggs, must, therefore, be considered as a party to a judgment rendered against him by a court which had jurisdiction of the cause and of the parties to it. He cannot, therefore, in my opinion, be admitted by evidence to impeach that judgment, or to deny it, or in any manner to derogate from the full faith and credit to which it is entitled.