Opinion of the court delivered by
Judge Whyte.
1 admit that the judgment of a State court has the same credit, validity and effect in every other court within the United States, which it had in the State where it was rendered: and whatever pleas would be good thereto in such State, can be pleaded in any other court within the United States. Hampton vs. M’Connell, (3 Wheat. Rep. *379 234. It is to be seen, therefore, what is the validity - „ , and effect of this judgment on the scire jacias in uie GuiiS-tian circuit court, of the State of Kentucky. This constitutes the important question, on which the decision of the cause must rest. In examining it we must advert to the distinction between void and voidable, between a judgment that is irregular, or erroneous, and one that is void, or a nullity. The one is valid to some extent, the other is valid to no extent. Irregular and erroneous judgments, are valid and good until set aside or reversed upon error. The void judgments, or such as are a nullity, have no operation whatever. If the judgment of the sister State now in question, is of the first class, it is evident that the circuit court of Montgomery of this State, could not give relief to the defendant, as that relief is in its nature, limited to the court where the judgment was rendered, or to such revising court or courts, as the provisions by law of the State of Kentucky, or (according to circumstances) the United States, have authorized and directed. But, if the judgment of the court of Ken-' tucky is of the latter class, a nullity, and altogether inoperative, then, as it could have no validity or effect in Kentucky, it can have none here; and therefore the court of Montgomery of this State, could not allow it as a basis for a judgment.
With this view, and for the above purpose, solely of ascertaining the nature of the judgment of the circuit court of Christian county, will that judgment be looked into; and in doing so, I disclaim all power over that court, or its proceedings, whether it hath rendered a correct, a regular, or an erroneous judgment upon the subject matter before it. This court confines itself within that narrow limit of inquiry, incidental from necessity to all courts which are called upon to enforce and carry into effect, the judgment of some other court. That limit is, an inquiry into thejurisdiction of the court rendering the judgment sought to be enforced. This inquiry is not voluntary, it is inevitable, the court cannot avoid it; it must act on a legal demand; the constitution of a court re- *380 it, and justice, the end of all court?, rcaui.res it. This court will not, as it ought not, give effect to the judgment of a court self-constituted, or of a court not empowered by the laws of its government to take cognizance of the subject matter, or of the person: in such cases the judgment has no legal effect whatever. See 4th Cranch’s Rep. 268-9. 5 Johns. Rep. 37, Kilburn vs. Woodsworth. 9 Mass. Rep. 462, Bissel vs. Briggs; and other cases in these cited and referred to.
In looking into the jurisdiction of the circuit court of the State of Kentucky, for the purpose of ascertaining its authority to render the judgment against Kilhbrew, the obvious question presenting itself, is upon the sheriff’s re. turn to the scire facias, of “no inhabitant of my bailiwick.” Was Kilhbrew brought before the court by this return? By the common law, a person to be brought before the court, and made a party defendant, must have notice, either actual or constructive. This actual notice upon scire facias against bail, is a summons served on the defendant, the bail, the evidence of which service is the return by the sheriff, scire ftci. Sec 1 East’s Rep. 86, Clark vs. Bradshaw. A constructive notice to bail, is where after trial to give actual notice, a failure exists, and is evidenced by a corresponding return on the writ, commonly called nihil. It is contended in argument by the plaintiff’s counsel, that the judgment of the circuit court of Montgomery is erroneous, because the return upon the scire facias in the circuit court of Christian county, State of Kentucky, of “no inhabitant of my bailiwick,” is the same as, and equivalent to the return of nihil, and being so, is good constructive notice warranting the judgment rendered thereon, in the said circuit court of Christian county. In answer to this argument, let us suppose for a moment, what is very questionable, that the provisions of the statutes of Kentucky respecting the W'rit of scire facias, prescribing and directing expressly a particular- manner of service as respects bail, did not amount to a repeal of the common law service, evidenced by the return of nihil, is the return in the present *381 cose, of “no inhabitant,” the same, and equivalent to that return, and evidence of that mode of service. This will be first explained by expressing, in extenso, that common law return of which nihil is the name only, and used for the sake of brevity, as its nominal representative.— This common law return is in these words, that the said A. B. (the bail) has nothing in my bailiwick by which I can make known to him, and that he is not found in the same. Now this return is responsive to the writ of scire yhms/what does it import? Residence or domiciliation, and property, certainly, because they are to be answered unto, and accordingly they are so by the sheriff, pursuant to the requisition of law, of which the writ and return arc evidence; raising the legal presumption, that the s'nerifi has been at the defendant’s horno, or residente, and he was not found there or in his bailiwick; and also that none of his property was found in the same. See 1 Inst. 115 b. A return implying these particulars, which nihil does, cannot be considered the same as the return of “no inhabitant of my bailiwick,” which altogether disaf-firms such implication. Besides the common law never contemplated so vain a thing, as the running of process against a person not within its reach, nor within the jurisdiction of the court by common intendment, as the inhabitant of another government; and hence we find no such return at common law, to which it is wholly unknown. The supreme judiciary of the State of Kentucky have passed upon this very point, in the case of Bruce vs Colgan, (2 Littell’s Rep. 284.) where they say, “the return of “no inhabitant,” to a scire facias against bail, is evidently unknown to the law, and illegal.”
The statute law of Kentucky is the proper authority to govern this case, and it is decisive of the question, as to what constitutes sufficient service of a scire facias against bail. The 7th section of the act of Assembly of Kentucky, passed the 18th December 1801, (see 1st Littell’s Digest 257-8,) directs the writ of scire facias against bail tobe executed in like manner as writs of capiasad respondendum are by law executed, where no bail is re *382 quired; and where nail may reside out of the county, or R . , . . district m which the .judgment may have been given, it shall be lawful for the clerk to issue the scire facias to the sheriff of the county, where the bail may reside, whose duty it shall be to execute the same as above directed, and make return thereof to the court from which it issued; and where a scire facias is returned that defendant or defendants are not found, another shall issue, and if the second is returned not found, it shall be considered as sufficient service of the writ. The mariner writs of capias ad respondendum are by law executed, where no bail is required, is by the third section of the act of December 1801, directed to be by reading the writto the defendant, or delivering him a copy thereof, or if he will not hear the writ or receive a copy, then throwing down such copy in his presence shall be a good service of such scire facias, and the sheriff returning that he has pursued either of the above measures, shall be equal to a return of executed. (1 Littell’s Dig. 255. And by the 8th section of the act passed December 19,1796, in force January 1st 1797, no sheriff shall return upon a writ directed io him, that the defendant is not found within his bailiwick, unless such sheriff or his deputy shall have actually been at the place of residence of such defendant, and not finding him, shall have left a true copy of the process, or unless such defendant’s place of residence is unknown to such sheriff or officer. (1 Littell’s Digest 52.
These acts of Assembly manifest a sedulous desire of the law makers, that upon writs of scire facias against bail, the defendant should have actual notice, by reading the writ to him, or by delivering to him a copy thereof, which if he will not receive, then by throwing down such copy in his presence: and the sheriff shall not be permitted to return “not found,” unless he shall have, by himself or deputy, been actually at the place of residence of such defendant, and not finding him there, or unless such defendant’s residence is unlinown to him. And this last return, if not found, must be repeated a second time under the same circumstances and forms as the first, to make a *383 sufficient service for the writ, or notice by construction to bring the defendant into court, and make him a party to the proceeding^ about to be carried on against him.
In the face of ail these provisions, exhibiting so much concern by the Legislature of the State of Kentucky, to guard and defend the bail against surreptitious proceed-, ings, so often productive of injustice, and even ruin to a class of men, who actuated by the best feelings of our nature, have been induced to become bail, and extend the benefits of their more' favoured situation, for a time, to the relief of their less fortunate neighbors, without the most distant hint of incurring the liabilities of a snap judgment without notice, or a judicial condemnation without being heard — In the face of all these provisions, I say, the counsel for the plaintiff have argued, that proceedings against bail to judgment even, are good without notice by scire facias; for by his bail bond, or recognizance of bail, he became quasi a party to the original suit, and binds himself to take notice of its progress. If this argument is correct, and notice by scire facias, either actual or constructive, may be dispensed with; how much la-bour has been uselessly bestowed, how much expense unnecessarily incurred, how much time wasted in supernumerary suits of scire jadas, for ages past? But it is apprehended, that a practice for so great a length of time? without offering further reason, is sufficient of itself to prove, that judgment against bail, without notice either actual or constructive, is not good in law: otherwise why require the process by scire jadas for the avowed and express purpose of giving this notice.
This court therefore is of opinion, as well upon common law principles, as on the statute law of the State of Kentucky, and the case of Bruce vs. Colgan above referred to, that the defendant Killibrew,by the return to the scire facias, of “no inhabitant of my bailiwick,” was not brought before the circuit court of Christian county, and consequently that court had no jurisdiction of his person; therefore the judgment rendered by it against him in the *384 case, is void, and a nullity. No error being in the circuit court of Montgomery, its judgment must be affirmed.
Judgment affirmed.