WILLETT RATHBONE *v.* MOSES TERRY, AND THOMAS WILCOX HIS GUARDIAN.

It may be considered as now conclusively settled, that the record of a court of a sister state, having jurisdiction over the subject-matter, and the parties thereto, and the parties having legal personal notice of the suit, when properly authenticated, is to be received by the courts of every other state, as conclusive evidence between the same parties; and the merits of the judgment cannot be inquired into.

But, if at the time of suing out the writ, service of the same and rendition of the judgment in an action in Connecticut, the defendant was a citizen of, and domiciled and resident in Rhode Island; and the writ was not served on him, and he had no knowledge of the suit (unless constructively made so by the laws of Connecticut); to consider conclusive, in Rhode Island, a judgment obtained under such circumstances, is against the first principles of justice, and it is to be considered null and void.

THIS was an action of debt on a judgment obtained in Connecticut, against the defendant in Rhode Island. The plea in bar and the demurrer to the same, are set forth in the opinion of the court, by

DURFEE, C. J. — This is an action of debt on a judgment alleged to have been recovered by the plaintiff against the defendant on the 8th day of July, 1826, at Voluntown, in the county of Windham, in the state of Connecticut, before James Alexander, then one of the justices of the peace within and for said county of Windham. And the defendant, after craving oyer of the judgment mentioned in the plaintiff's declaration, pleaded in bar to this action, that at the time of the supposed

rendition of the supposed judgment, and at the time of suing out the original writ on which said supposed judgment is pretended to be rendered, and also at the time of the pretended service of said original writ, the defendant was not within the jurisdiction of said state of Connecticut, but at the several times aforesaid was a citizen of, domiciled and personally resident in, Exeter, in the county of Washington, and state of Rhode Island, &c. and not of and in said state of Connecticut, and said original writ was not in anywise served on him, or otherwise served, than by leaving a copy thereof with Nathan Burdick, and the defendant never was in fact a party to, or had knowledge of, said writ. To this plea the plaintiff filed a general demurrer, and the defendant joined in demurrer. The defendant also pleaded the statute of limitations; *nil debet*, and *nul tiel record*. To these several pleas no replications were filed. The case was argued on the demurrer at the last term, and continued to the present term for advisement. A copy of said judgment and of the process upon which the same was rendered, is filed in the case. This copy is not otherwise authenticated than by the certificate of the justice. But no question was raised as to the authentication of the judgment, and from the view the court have taken of this case it will be unnecessary to raise any question upon that point. By the demurrer the facts set forth in the defendant's plea are admitted; and by reference to said copy it appears that a copy of the writ, upon which said judgment was rendered, was served on Nathan Burdick, of said Voluntown, as agent, trustee, factor and debtor of the defendant, for the purpose of attaching the goods and estate of the defendant in the hands of said Burdick, and that said judgment was rendered by default.

The question therefore distinctly presented for our consideration is, what is the legal effect of such a judgment ren-

Rathbone *v.* Terry et al.

dered in the state of Connecticut under the circumstances set forth in the defendant's plea, when the plaintiff seeks an execution of it in this court?

There have been numerous judicial decisions as to the character and effect of judgments of courts of several of the states, when suits have been commenced on them in other states of the union. And although these decisions have been made by learned and able judges, some of them are conflicting and wholly unreconcilable with each other.

The first section of the fourth article of the Constitution of the United States declares, that "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And congress may, by general laws, prescribe the manner in which such acts, records, and proceedings, shall be proved, and the effect thereof." By virtue of the power granted them, congress, by an act of May 26, 1790, after prescribing the mode of authentication of public acts, records and judicial proceedings, in each state, declare, that, "said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them, in every court within the United States, as they have, by law or usage, in the courts of the state from whence the said records are, or shall be taken."

The terms "full faith and credit," in this article of the constitution, obviously import absolute verity; and the fair and reasonable construction of the words of this article would seem to be, that the public acts, records, and judicial proceedings of every state, when proved in the manner that congress should by general laws prescribe, should be received and considered in each of the other states as evidence of the highest nature and conclusive proof of the facts therein set forth; and if any doubt could arise on the words of the constitution, that doubt would seem to be removed by the pro-

vision in said act of congress, that, "said records and judicial proceedings shall have such faith and credit given to them, in every court within the United States, as they have by law or usage, in the courts of the state from whence the said records are taken." And it is difficult to conceive what object the framers of the constitution had in view by .inserting these words in that instrument, if they did not intend them so to be construed. They doubtless understood the rules of evidence then established by the common law, both in England and in this country, that the record of a judgment of a court having jurisdiction over the subject-matter of, and parties to, the suit, when made the ground of an action in any court in the same state or under the same government, was to be received as conclusive evidence between the same parties; while the record of a court of foreign jurisdiction was only to be received as *prima facie* evidence of a debt for which the suit abroad was instituted; and they must have intended that the rules of the common law should be so far altered, as to entitle the record and judicial proceedings in one state to the same regard and legal effect in every other state of the union; and especially as they declared that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." But notwithstanding this apparently obvious construction of this article of the constitution and act of congress, it has been decided by judicial authority entitled to high respect, that a judgment of a sister state, even where the defendant had notice of the suit and appeared and defended the same, is to be considered as a foreign judgment, and is only *prima facie* evidence of a debt. See *Hitchcock & Fitch* v. *Aicken*, (1 Caines's Rep. 460.)

But the construction which we have given to said article of the constitution and act of congress is fully supported by the adjudged cases — by the decisions of the supreme court

Rathbone *v.* Terry et al.

of the United States, and of the highest judicial tribunals in several of the states. And it may be considered as now conclusively settled, that the record of a court of a sister state having jurisdiction over the subject-matter of the suit and the parties thereto, and the parties having legal personal notice of the suit, when authenticated agreeably to the act of congress, is to be received, by the courts of every other state, as conclusive evidence between the same parties, and the merits of such judgment cannot be inquired into. See the following cases: *Mills* v. *Durfee,* (7 Cranch's Rep. 481); *Hampton* v. *McConnel,* (3 Wheaton's Rep. 234); *Greene* v. *Sarmiento,* (1 Peters's Rep. 74); *Armstrong* v. *Carsen's Ex'rs.* (2 Dall. Rep. 302); *Borden* v. *Fitch,* (15 John. Rep. 121); *McRea* v. *Mattoon,* (13 Pick. Rep. 53.)

But this construction and these authorities by no means settle the question now before this court. At the times of suing out the writ, service of the same and rendition of the judgment in the action, the defendant was a citizen of, domiciled and personally resident in, Rhode Island; the writ was not served on him, and he had no knowledge of said suit, as alleged by his plea, and was not a party to said suit unless constructively made so, by the laws of Connecticut, for the purposes of the attachment. To say that a judgment obtained under such circumstances is evidence of a debt due from, or promise made by, the defendant, or that execution of it can be enforced by this court against the person of the defendant, would be to decide against the fundamental principles of law, equity, and justice. The right of a party to be heard in his defence is an absolute and inalienable right, and he cannot be deprived of its exercise, but by his negligence or consent; and notice is unavoidably a prerequisite to the exercise of this right. Chancellor Kent, in his excellent Commentaries, (Vol. 2. p. 91,) lays down the principle, that

7*

"a judgment against a party having no notice is against the first principles of justice, and null and void." And from a careful examination of the adjudged cases on this subject, we are clearly of opinion, that this position is fully sustained by authority.

In the case of *Fisher* v. *Lane*, (3 Wilson, 303,) the defendant was not summoned and did not appear; the judgment being rendered by default, was held void. In the case of *Buchanan* v. *Rucker*, (9 East, 192,) the defendant resided in one of the colonies, and was summoned by nailing a copy of the declaration to the court-house door; and judgment having been rendered by default, was held also to be void.

In the case of *Hall et al.* v. *Williams et al.* (6 Pick. Rep. 232,) it was decided, in a suit upon a judgment of a court of another state, that if it appear by the record, that the court had no jurisdiction over the person of the defendant, the judgment is a nullity, and is not to be received as *prima facie* evidence.

The courts in the states of New Hampshire, Massachusetts, Connecticut, New York, New Jersey, Pennsylvania and Kentucky, have decided, that in a suit upon a judgment of a court of a sister state, the jurisdiction of the court rendering such judgment may be inquired into, as where the suit is commenced by the attachment of the defendant's goods, who is himself a non-resident. See the cases of *Thurber* v. *Blackburn*, (1 N. Hamp. Rep. 242); *Bissell* v. *Briggs*, (9 Mass. Rep. 462); *Kibbe* v. *Kibbe*, (Kirby's Rep. 119); *Aldrich* v. *Kinney*, (4 Conn. Rep. 380); *Starbuck* v. *Murray*, (5 Wend. Rep. 148); *Harrod* v. *Barretto et al.* (1 Hall's Rep. 155); *Kilburn* v. *Woodworth*, (5 Johns. Rep. 37); *Robinson* v. *Executors of Ward*, (8 Johns. Rep. 86); *Phelps* v. *Hooker*, (1 Dall. Rep. 261); *Curtis* v. *Gibbs*, (Penn. Rep. 405); and *Rogers* v. *Coleman*, (Hardin's Rep. 413.) See also *Bartlett* v. *Knight*, (1 Mass. Rep. 202, and notes.)

Rathbone *v.* Terry et al.

In the case of *Aldrich* v. *Kinney,* in an action commenced in Connecticut on a judgment rendered by the supreme judicial court of Rhode Island, it was decided, that the defendant might offer evidence, that he had no legal notice of the suit, and did not appear, although the record of the judgment stated that the defendant appeared by his attorney.  It is unnecessary, for the purposes of this case, to decide whether the judgment would have been conclusive against the defendant, if at the time of the service of the writ, he had been domiciled in Connecticut, and temporarily absent from the state, on the ground of constructive notice.  The court having jurisdiction over the subject-matter of the suit, and the suit so far as it regards the property attached in the hands of the trustee, (if any) being like a proceeding *in rem,* although perhaps not legally such, the judgment as to such property must be considered valid.

It was contended, by the plaintiff's counsel, that this judgment, if not conclusive, is to be received, at least as *prima facie* evidence against the defendant.  This position may seem plausible, and we are inclined to the opinion, that it is so far sustained by the authorities and the circumstances of the case, that the judgment may be considered as *prima facie* evidence of the jurisdiction of the court; but it cannot avail the plaintiff, as the facts disclosed by the defendant's plea and admitted by the demurrer rebut such evidence.

From a full examination of the subject, we consider it as a settled principle of law, that in a suit on a judgment of a court of a sister state, where it appears by the record of the judgment, that at the time of the service of the writ the defendant was not resident in that state, and was not notified, and did not appear to defend the suit; or where these facts are proved by evidence not contradicting the record, such judgment cannot be received as evidence of a debt due from, or

Rathbone *v.* Terry et al.

of a promise made by, the defendant, but must be treated as a nullity so far as it is attempted to be executed against the person of the defendant.

The demurrer in this case is therefore overruled and the defendant's first plea in bar is sustained.