KENDRICK & a. *v.* KIMBALL.

Debt on a judgment recovered against a non-resident, upon an attachment of his property and notice by publication under the statute, may be maintained in this State, where the original judgment is obtained.

Where the property of the defendant, having his actual residence in this State, is attached on mesne process, the service of the writ must be completed by delivering to him a summons, or leaving it at his usual place of abode. If, after the attachment is made, and before a summons is served upon him, he leaves the State, and does not return prior to the entry of the action, the court may order the action to be continued, and notice to be given of the pendency of the same in some newspaper; and, upon evidence that the order has been complied with, judgment may be taken; and a judgment upon such notice will be good against the defendant within this State.

DEBT on judgment.   Plea, *nul tiel record.*

Writ dated May 5, 1853. The judgment declared on in this suit was recovered at the October term, 1852, of the common pleas. The action in which the judgment was recovered was against the defendant and one D. Whiting, as trustee. The writ therein was dated October 20, 1851. In that writ the defendant is described as of Milford, in said county, where he resided at the date of the writ.

On the day of the date of that writ the officer attached thereon

the defendant's interest in certain real estate situate in Milford. The officer further made return that, on the 5th day of April, 1852, he left at the last and usual place of abode of the defendant a true and attested copy of said writ.

It was admitted that the defendant, after the date of said writ and before the copy was left at his last and usual place of abode, as aforesaid, had left this State and gone to California, and has not since returned.

The action was entered at the April term, 1852, and a suggestion being made that no personal service had been made upon the defendant, for the reason that he was not an inhabitant of this State, the court ordered notice to be given by publication in the Farmer's Cabinet, a newspaper printed at Amherst, in this county.

The order of notice was complied with, and the defendant not appearing, at the October term, 1852, judgment was rendered against him upon default, for $371.06 debt, and costs, taxed at $12.51.

Said judgment is wholly unsatisfied. In the present suit there is an attachment of the same interest in the defendant's real estate, which was attached in the original action, and nothing else.

The court ruled that judgment should be entered for the plaintiffs, to which ruling the defendant excepted, and contended that the action could not be maintained.

And it was ordered that the questions arising upon this case be reserved and assigned to this court for determination.

*G. & B. Wadleigh,* for the plaintiffs.

*Lull,* for the defendant. The judgment upon which the present action is brought was recovered under chap. 198, sec. 5, Comp. Stat. An action under this statute is purely " *in rem;*" its purpose is to enable a creditor to appropriate to the payment of his debt the property within this State of a debtor residing out of the State.

A judgment recovered in conformity to this statute, without

personal notice to the defendant, is good for this purpose, and only this ; for all other purposes it is a nullity.  2 Kent 83 ; 1 N. H. 242.  It is allowed from necessity, that a dishonest debtor may not defraud his creditors, by locating his property in one State and residing in another.

If this is so, this action cannot be maintained, any more than an action of debt could be maintained in this State upon a judgment rendered by a court of another State, without personal notice to or appearance of the defendant.  In this particular, each judgment would be of the same force.  But an action of debt upon the latter judgment cannot be maintained.  *Thurber* v. *Blackbourne,* 1 N. H. 242 ; *Whittier* v. *Wendell et al.,* 7 N. H. 257 ; *Rangley* v. *Webster,* 11 N. H. 299.

EASTMAN, J.  When the first suit was commenced against the defendant, on the 20th day of October, 1851, he was a resident of Milford, in this county, and his estate being attached on that day, legal service at that time could be completed only by delivering to him a summons, or leaving it at his usual place of abode in Milford.  Such is the requirement of the statute, when the defendant has his domicil and actual residence in this State.  Comp. Stat., chap. 194, sec. 4 ; *Jones* v. *Smith,* 3 N. H. 113.

Before, however, that the sheriff had completed the service, the defendant left this State and went to California, so that service could not be made by a summons according to the section of the statute cited.

By the fifth section of the same chapter it is provided, that " if any defendant is not an inhabitant of this State, and the writ is not served on him in person, but his goods or estate within this State are attached, an attested copy of the writ, with an attested copy of the return, may be given to the defendant or left at his usual place of abode, or left with his agent lawfully authorized to appear for him, or with his tenant on or near the land attached."  Under this section the officer attempted to complete his service, and left a copy of the writ at the defendant's last and usual place of abode in Milford.  This service was defective, for the " usual

Kendrick *v.* Kimball.

place of abode," spoken of in this section, refers to the residence out of the State. This is apparent from the next section, which provides that "the giving or leaving such copy with the defendant, or at his place of abode, shall be proved by the certificate under oath of the officer who made the attachment, or of some proper officer in the State where the defendant lives, or of some other person." The statute requires different proof of the service of such a copy from that of an ordinary return. And were the usual place of abode intended to be that in this State, no such provision would be necessary, and a service by "some other person" would not be good. So long as the defendant has a "usual place of abode" in this State, a summons is the proper and only legal paper to be left, and this service of the copy by the officer in the manner stated in his return, was a mere nullity.

The question then arises, whether the subsequent proceedings in giving notice were according to law, so as to make the judgment regular and legal.

By the 5th section of chapter 198, Comp. Stat., it is provided that "in any action commenced against any defendant who is not an inhabitant of this State, or whose residence is unknown to the officer serving the writ, and the goods and estate of the defendant within this State shall be attached, or when the defendant shall be absent from the State at the time of commencing such action, and shall not have returned at the time appointed for trial, and no personal service is made on the defendant, the court, on suggestion thereof made, may order the action to be continued and notice to be given of the pendency thereof, by publishing the order of "court in such newspaper, &c., and for such period as the court may therein direct," &c.

Under this section the court, at the entry of the action, upon its being suggested that no personal service had been made, ordered notice by publication, and at the subsequent term, upon its being shown that the order had been complied with, judgment was rendered against the defendant.

Perhaps, according to the strict literal terms of the section, this order might not be authorized, for the defendant was an

inhabitant of this State at the time when the suit was commenced and his estate attached. But before the service was completed he left the State for California; and it may therefore be well stated that his residence was unknown to the officer serving the writ. He had not returned, either at the time appointed for trial — the time of the entry of the action — and we think that it comes within the spirit of the section and the intention of the Legislature to hold that under such circumstances notice may be given by publication and judgment taken. If this could not be done, then might a debtor entirely defeat an attachment of his property, made while a resident of this State, by absconding before a summons should be left with him. If we are to hold that actual non-residence or absence from the State at the time the suit is commenced must exist in order to warrant a service by copy, as is provided in the 5th section of the 194th chapter, or by publication, as is provided in this section, (section 5, chapter 198) it is evident that there is a defect in the statute, and that a class of cases, like the one under consideration, is not provided for. But, as before stated, we do not think that the statute should be held thus strictly, and we are of opinion that this service was legally completed by publication.

Another question raised by the case is, whether debt can be maintained on the judgment; the court never having obtained jurisdiction of the person of the defendant. It is settled that beyond the limits of the State such a judgment is inoperative, and that debt brought upon it in another jurisdiction cannot be maintained. *Downer* v. *Shaw*, 2 Foster 277; *Gleason* v. *Dodd*, 4 Met. 333; *Rangley* v. *Webster*, 11 N. H. 299; *Hall* v. *Williams*, 6 Pick. 232; *Bissell* v. *Briggs*, 9 Mass. 462.

In the State, however, where the judgment is recovered, it must be held good. It is rendered according to the provisions of the statutes of the State, upon notice given pursuant thereto, and after jurisdiction obtained in accordance therewith.

We are of opinion, therefore, that the ruling of the court below was correct, and that there should be

*Judgment for the plaintiff.*