HORACE A. BEALE v. WILLIAM H. BERRYMAN.

1. To a suit on a judgment in New York, the plea of *nil debet* is the general issue.
2. Under our statutes of 1799, *Nix. Dig.* 681, § 3, and of March 6th, 1852, *Nix. Dig.* 681, it is regular in such suit to plead *nil debet*, and give notice that no summons had been served in New York; and judgment signed, as for want of a plea, will be set aside with costs

In debt. On motion to set aside judgment.

For the motion, *A. O. Zabriskie.*

Contra, *I. W. Scudder.*

Beale v. Berryman.

The opinion of the court was delivered by

VREDENBURGH, J.   This was an action of debt, brought on a judgment against the defendant in the State of New York.

The defendant here pleaded *nil debet,* and gave notice that he should insist, at the trial, that no summons had been served on him in New York.

The plaintiff thereupon signed judgment as for want of a plea.  Motion is now made to set aside this judgment upon two grounds.

1st.  That the plea and notice were a good defence.

2d.  That if they were not, there should have been a demurrer and motion to strike out the notice.

1st.  Were the plea and notice a good form of pleading?

By the act of 1799, *Nix. Dig.* 681, § 227,* it is provided, that it shall be lawful for any defendant in any action, except in cases of mutual dealing, to plead the general issue, and to give any special matter of defence in evidence, giving notice with the plea of such special matter.  By the act of March 6th, 1852, *Nix. Dig.* 681,† it is provided, that in any suit brought on a foreign judgment, or judgment of any court out of this state, it shall be lawful for the defendant to show that he was not summoned, notwithstanding it may be so recited in the foreign record of judgment.

I do not understand the objection of the plaintiff to be, that the matter set up in the notice is not a good defence.  That question is too well settled to be seriously raised.  *Aldrich* v. *Kenney,* 4 *Con.* 380, and cases there cited.  But the objection is to the form of the pleading.  It is said that the statute, *Nix. Dig.* 681, § 227, only allows a notice of the matter of defence upon a plea of the general issue, and that *nil debet* is not a plea of the general issue, and therefore the notice is irregular.

A judgment of another state, when brought to be enforced here, is undoubtedly a foreign judgment.  Execution cannot issue on it here nor can it be enforced *proprio vigore.*  The constitution of the United States, indeed says, that full faith

---

*\**Rev.*, p. 866, § 117.    †*Rev.*, p. 380, § 15.

and credit shall be given, in each state, to the records and judicial proceedings of any other state. But that does not make them judgments of this state. A properly certified record of a judgment in another state is a good foundation for a judgment here, but is not itself a judgment. It is, notwithstanding the United States constitution, a foreign judgment, but entitled to peculiar credit by virtue of the constitution.

It is also well settled that *nil debet* is the general issue in debt on a foreign judgment. 1 *Ch. Pl.* 485 ; *Bissell* v. *Briggs,* 9 *Mass.* 462. This is not a question whether the plea of *nil debet*, standing alone, is a good plea on a judgment from a sister state, for it has often been held that it was not; but the question merely is as to the form of pleading, whether *nil debet* is the general issue in debt on a foreign judgment.

If it is, then the notice is proper and regular under our statute.

The judgment must be set aside with costs.

BROWN, J., (dissenting.) This action was brought upon a judgment rendered for the plaintiff against the defendant in the State of New York. The defendant pleaded *nil debet,* and gave notice with the plea that he would prove on the trial that the court which rendered the judgment had no jurisdiction of the person of the defendant. The plaintiff disregarded the plea, and took judgment as by default.

The questions are, whether the plea of *nil debet* is good for any purpose, when pleaded in an action upon a judgment of another state, and if not, whether the defendant had the right to treat the plea as a nullity, and take judgment.

There is no doubt that this plea is good when pleaded to a foreign judgment, and bad when pleaded to a domestic judgment. To the first it is a sufficient answer, for the judgment may be inquired into, and is only *prima facie* a good cause of action. To the other it is no answer, for the judgment is conclusive evidence of the debt. The action is in debt and for the recovery of a debt, but it is a debt adjudi-

cated. For the defendant to say I do not owe it is nothing. The record says he does owe, and the plea, if good for any purpose, admits the record. It is now well settled that judgments of other states have equal validity with domestic judgments. If contested, it must be upon the plea of *nul tiel record*, or by special plea setting up a want of jurisdiction of the court, or of the state in which judgment was rendered over the person or property to be affected by the judgment. The merits of them cannot be inquired into upon plea of *nil debet*. That plea is therefore bad to the same extent as when pleaded to any other record or specialty. *Moulin* v. *Insurance Co.*, 4 *Zab.* 223; *Gilmore* v. *Lewis, Ib.* 246. But is the plea a nullity, so that judgment may be entered as for want of a plea? The plaintiff cannot take issue upon the plea without opening to inquiry the merits of his judgment. He must either demur, move to strike out, or sign judgment.

In note 3 to the case of *Jones* v. *Pope*, 1 *Saund. R.* 38, it is said, that when the action is founded upon a record, *nil debet* is no plea.

There are some authorities to the effect, that though a bad plea, it is not a nullity. *Tidd's Pr.* 586; 2 *Chitty's Rep.* 239.* I find no American authorities. The question must therefore be settled upon principles adapted to the present rules of pleading and practice in New Jersey, and the policy out of which they grow.

The legislation of the last twenty years shows that two objects have been in view; one to relieve debtors from execution against the person, and the other to give creditors a prompt remedy against property. In adapting the practice to this policy, the plaintiff, especially in actions *ex contractu*, should not be delayed by requiring demurrer or motion to get rid of a plea, which is no answer to the declaration, and which has been held bad in substance so often that on demurrer an argument would not be allowed.

It was insisted, upon the argument, that the plea and notice made a good answer to the declaration, and that the plea for the purpose of admitting the notice should be considered the

*Paterson* v. *Everard.*

general issue, seeing that *nul tiel record* would not serve for that use, as it tendered an issue to be tried only by the court. This question was considered by the Supreme Court of New York, in the case of *Bullis* v. *Giddens*, 8 *Johns. Rep.* 82. The action was on recognizance of bail; the plea *nil debet*, to which there was a demurrer and joinder. The court, after sanctioning the above rule, that " when the action is grounded upon a record or specialty " *nil debet* is no plea, proceed to say, " that although this rule may deprive defendants in such cases of pleading the general issue with notice of special matter, it does not preclude them from pleading specially any matter which they may have to set up in their defence; and this inconvenience had better be submitted to than to innovate upon the established rules of pleading." Subsequently, by statute of New York, such pleading with notice was made legal. As the law now stands in New Jersey, I am of opinion that the plaintiff had the right to disregard the plea and enter judgment. The rule should be discharged; but as the question is new, if the defendant has merits, the judgment will on application be opened, and leave given to plead anew on payment of costs.

Judgment set aside with costs.