## A. W. HENTZ *v.* R. C. WARD ET AL.

M., the owner of the equity of redemption in lands, died before suit brought in the Common Pleas to foreclose the mortgage thereon. On the sheriff's return it nevertheless appeared that M. was "served at residence." After decree for sale, the plaintiff therein suggested M.'s death "after suit brought" on the record, and A. being sole heir at law to M., the action was revived as against him, and he answered by *guardian ad-litem*, setting up his interest as heir. Subsequently a new decree for foreclosure

and sale was made, sale had and confirmed. On suit by A., against the purchaser, to compel an allowance of redemption:

*Held,* that as the record showed that M. was served with process, the Court of Common Pleas *prima facie* had jurisdiction, and as the proceedings appeared to be regular on their face, its judgment could not be collaterally impeached, and the purchaser's title disturbed.

CASE RESERVED TO GENERAL TERM on the testimony, which appears fully in the opinion.

*Peck* and *McDougall,* for plaintiff.

*I. J. Miller* and *Caldwell, Coppock & Caldwell,* contra.

HAGANS, J.    This is a suit to compel the defendants to allow the plaintiff to redeem certain property sold under proceedings in foreclosure.

It appears from the testimony that Frederick Hentz mortgaged lots 179, 180, and 181, in Ernst subdivision, to A. H. Ernst, to secure a balance of purchase-money. Shortly afterward Ernst assigned the mortgage and notes to Edward Woodruff. Frederick Hentz afterward conveyed his equity of redemption to his unmarried daughter, Mary L. Hentz, who died in 1861 intestate, leaving the plaintiff, then a minor, her only heir at law. In January, 1862, Woodruff, being ignorant of the death of Mary L. Hentz, brought suit to foreclose the mortgage in the Court of Common Pleas, making Frederick Hentz and Mary L. Hentz parties defendant. The sheriff returned both defendants served with a copy of summons at residence. In February, 1862, a decree for sale was entered in the usual form, that unless F. Hentz, or some of the defendants for him, pay, etc. In May, 1862, order of sale was issued. The property was sold to John Bates, who refused to perfect the purchase. On the 5th September, 1862, plaintiff volunteered in the United States service. On September 20, 1862, plaintiff suggested on the record the death of Mary L. Hentz *since the commencement of the action,* leaving the plaintiff, nineteen years old, her only heir at law, and moved the court to revive the action against him. In October, 1862, the conditional order of

revivor was returned, by the sheriff, served at residence. In November, 1862, a guardian *ad litem* for the plaintiff was appointed, who filed an answer, setting up that plaintiff had an interest in the property as heir at law of his sister. Additional parties were made and a second decree of foreclosure was entered; sale was had to the defendants and confirmed, March 9, 1864. In the meantime Frederick Hentz died, and the plaintiff, as his administrator, in October, 1867, brought a suit in the Court of Common Pleas against Edward Woodruff, to vacate the judgment above described, setting forth in his petition the fact of the errors in the record thereof, which, after various demurrers and amendments, was finally dismissed at his cost, in January, 1869.

It is claimed by the plaintiff:

*First.* That Mary L. Hentz, once the owner of the equity of redemption, being dead when the foreclosure suit was brought, the decree is void as against him, and that the order of revivor does not help a void decree; and,

*Second.* That plaintiff was in the army when the property was sold, and the sale was therefore void under the then statutes of Ohio on that subject.

As to this last claim, we think the statutes, if they have any application in this case, were passed merely for the protection of soldiers, which protection they might claim at the hands of the court at the time of the litigation, or otherwise be held to have waived it.

The record is neither silent on the subject of service, nor does it show on its face that the defendant in that action was not served. It positively states that Mary L. Hentz, who appeared to be the owner of the equity of redemption, was served with summons. And the only question that presents itself in the case is, whether the judgment founded on such a state of facts as appears in this case is void or voidable. If the former, then the plaintiff would be clearly entitled to the relief he seeks, provided the subsequent action, in the Court of Common Pleas, to vacate the judgment, is

not a bar to this suit.   If the judgment is voidable merely, then the party must seek his remedy elsewhere.

We do not see how the return of the sheriff to the summons against Mary L. Hentz can be impeached in a collateral action like this.   *Mueller, etc.* v. *Bates,* 2 Dis. 318.   This is not an action founded on the decree or judgment of foreclosure; if it were that might be done.   *Starbuck* v. *Murray,* 5 Wend. 148; *Bissell* v. *Briggs,* 9 Mass. 462.

In the early case of *Denneson* v. *Allen,* 4 Ohio, 496, it was held that a subsequent purchaser from a mortgagor can not be let in to redeem against a purchaser under a judgment on *scire facias* on the elder mortgage, though not made a party to the proceeding.   It was said by the Supreme Court that the legislature intended, in the provisions relating to *scire facias,* that interests not paramount to that of the mortgagee, such as interests subsequently derived from the mortgagor, should be concluded by the judgment, and that any other construction would work a fraud on the purchaser, so that the plaintiff, under that practice, need not have been made a party at all.   This of course proceeds on the idea that the court had jurisdiction.   The case of *Adams* v. *Jeffries,* 12 Ohio, 253, was a proceeding by an administrator to sell lands, where the record showed *affirmatively* that the heirs were not made parties, and it was held that the proceeding was void on the ground that the court had no jurisdiction.   So also the case of *Moore* v. *Starks,* 1 Ohio St. 369, in which Judge Caldwell delivered the opinion of the majority of the court, Judge Thurman dissenting.   That case turned on the validity of a proceeding of foreclosure of a mortgage where the record showed *affirmatively* that minor heirs were not served with process.   It was held that a decree purporting to determine their rights was void, even though a guardian *ad litem* had been appointed and had answered; and it was stated that if the record had been silent on the subject of service of process it would be presumed, in favor of the judgment, that the court had jurisdiction, though that presumption might be rebutted by proof that the parties had not

been served, and that then the record becomes a nullity and could be collaterally impeached; and it was further held that the proceeding in foreclosure was both a proceeding *in personam* and *in rem*, because the mortgagor is liable for any deficit, thus substantially questioning the previous decision in *Hamilton* v. *Jeffries*, 13 Ohio, 429, where the Supreme Court, speaking of such proceedings said, they "are not technically, it is true, but substantially proceedings *in rem.*" It would seem to be settled now that it is a proceeding both *in personam*, so far as the mortgagor is concerned certainly, and all others claiming an interest in the thing who would be bound by the judgment, and *in rem* so far as the thing itself is concerned.

The obvious distinction between void and voidable judgments was very fully argued and decided by Judge Hitchcock in *Cochran's heirs* v. *Loring*, 17 Ohio, 409. In the first instance, all acts of the court not having jurisdiction are void; in the second, if the court had jurisdiction the judgment will be good so long as it stands unreversed, and a title under an erroneous judgment will not be disturbed. And it was held, among other things, that though the judgment was erroneous in that no notice was given of the pendency of the attachment levied on the lands in the controversy, and though the defendant, against whom the judgment was rendered, died before the judgment, still it could not be attached collaterally.

Now, in the case at bar, it appears on the face of the record of the foreclosure suit that Mary L. Hentz was duly served with process, though in fact she was then dead; that she died during the pendency of the suit, which was untrue, and that it was revived against the plaintiff, her heir at law, though there was nothing to revive as against the plaintiff. But, on the face of the proceedings, the court had jurisdiction. It appears affirmatively that the plaintiff was served with sufficient notice of the suit, and the subsequent decree was conclusive of his right. The record of the proceedings appears to be regular, and the decree is unreversed. Being

brought before us collaterally, this record is by no means subject to all the exceptions which might be taken on a direct appeal, or other proceeding to vacate it. The proceeding was a judicial one, carried on under the supervision of a court and received its final sanction. "The general and well-settled rule of law in such cases is, that when the proceedings are collaterally drawn in question, *and it appears on the face of them* that the subject-matter was within the jurisdiction of the court, they are voidable only. The errors and irregularities, if any exist, are to be corrected by some direct proceeding, either before the same court to set them aside," which the plaintiff tried and failed to do, "or in an appellate court." *Tolmee* v. *Thompson*, 2 Peters, 163. "The purchaser is not bound to look beyond the decree when executed by a conveyance, if the facts necessary to give jurisdiction appear *on the face of the proceedings*, nor to look farther back than the order of the court." *Voorhies* v. *Bank United States*, 10 Pet. 477. "If the jurisdiction was improvidently exercised, or in a manner not warranted by the evidence before it, it is not to be corrected at the expense of the purchaser, who had a right to rely upon the order of the court as an authority emanating from a competent jurisdiction." *Tolmee* v. *Thompson, supra.*

Reversal of a judgment does not affect the title of the purchaser. The correction of. the error only results in the restitution of the money recovered by an adversary. But in this collateral proceeding the party seeks the land and the fruits of an investment made by an innocent purchaser, invited by judicial proceedings that were regular on their face. We do not think we ought to disturb that title.

We have said nothing of the plaintiff's delay. If it were necessary to consider it, it might have an important bearing on our minds.

This view of the case renders it unnecessary to discuss the other questions made in the case.

Judgment for the defendants.