Leaderick, J.,
delivered the opinion of the court.
This is an action of debt instituted in the Law Court of Memphis, upon the record of a judgment of a circuit court in Mississippi.
The defendant below, the appellant, pleaded nul tid record and payment.
After one verdict and judgment in favor of the defendant, a new trial was granted, which resulted in a verdict in favor of the plaintiff, and the defendant has appealed in error to this court.
The argument of counsel here has been mainly addressed to the cpiestion of the validity of the record of the Mississippi judgment, which is the foundation of tire suit.
*299 For the plaintiff in error, it is insisted that the record sued on shows upon its face that the defendant had no notice, actual or constructive, of the existence of the suit against him, and that this court must hold the judgment void for want of jurisdiction of the person ; while, on the other hand, it is urged that the judgment having been rendered by a court of competent jurisdiction, its correctness upon the point of jurisdiction can no more be inquired into by the courts of this State, than its correctness upon the merits.
The statutes of Mississippi require that original process shall be served personally on the defendant, if to be found, and a true copy thereof delivered to him.. If the defendant cannot be found, the process may be-served by leaving a copy at his usual place of abode with his wife, or some free white person above the-age of sixteen years then and there being a member of his family, etc.
The record in question shows that, on the ■ 18th of May, 1860, a declaration or complaint was filed in the office of the clerk of the circuit court of Sunflower County, Mississippi, and that thereupon a summons was issued, which was returned endorsed as follows:—
“Received, May 28th, I860; executed this writ May 30th, 1860, by leaving a true copy thereof with -, a free white person, found at his usual place-of residence in this county, — defendant not being found.
E. Waits, Sh’ff.,
By G. II. Bryant, S. D. S.”
Then follows, at the December term, 1860, a judgment by default for $1,052.08. From the sheriff’s *300 return, it is manifest that personal _ service of tbe writ Avas not effected; and we think it equally clear that no constructive notice was given; nor does the record any where recite that the defendant appeared, or that he was summoned to appear.
It is not a case of defective service of process, but one of a total want of service, — a distinction clearly recognized in the case of Harrington v. Wofford, 46 Miss., 41, where it was said: — “There is a very clear ■and obvious distinction between a total want of service of process and a defective service, as to their effect in judicial proceedings. In the one case, the defendant has no notice at all of the suit or proceedings against him.
“The judgment or decree, in such case, it is conceded, is coram non judice and void, upon the principles of law and justice. In the other case, the defective service of process gives the defendant actual notice of the suit or proceedings against him; and the judgment or decree in such case, although erroneous, would be valid until reversed by a direct proceeding in an appellate jurisdiction; and its validity cannot be collaterally called in question.”
The same distinction is recognized between a void and voidable judgment, or an irregular or defective service a.nd no service at all, in the same book, on page 675, and in 41 Miss., 562.
In the last named case, Judge Ellett, delivering the opinion of the court, said, that where a judgment by default is taken upon a return which purports to show that the process has been actually executed, such *301 judgment is valid and binding whenever it comes collaterally in question, although the defendant might reverse it upon a writ of error, on the ground of the insufficiency of the return.
In the case under consideration, there was no personal service of notice, nor any constructive notice; so that, according to the case in 46 Miss., 41, the judgment rendered in Mississippi is void there; and this is so, whether at the time of its rendition the defendant was or was not a resident or inhabitant of that State.
The Constitution of the United States declares:— “ Eull faith and credit shall be given in each State-to the public acts, records, and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records,, and proceedings, shall be proved, and the effect thereof.”' Art. IV., Sec. 1.
Pursuant to this authority, Congress enacted: — “That the said records and judicial proceedings, authenticated' as aforesaid, shall have such faith and credit given to-them in any court within the United States, as they have by law or usage in the courts of the State from whence the said records are or shall be taken.” Act-of 26th May, 1790.
If, therefore, the judgment in this case is a valid judgment, which the court in Mississippi had jurisdiction to pronounce, it is equally valid and binding here.
But it is insisted by the counsel for the appellee, that the question of jurisdiction of the person of the defendant, is just as legitimate for the determination- *302 •of the court rendering the judgment sued on as any other question arising in the ease, and that when determined, as it necessarily is in the rendition of the judgment, it is conclusive, and cannot be inquired into in a collateral proceeding.
Authorities have been cited which fully sustain the proposition of the counsel. In the notes to the two cases of Mills v. Duryee and McElmoyle v. Cohen, 2 Am. Lead. Cases, many cases in the Federal and State courts are cited, which show conflict and differences in the holding of those courts.
But while many of the decisions fully sustain the proposition of the counsel for the defendant in error, as before stated, other authorities equally as decisively ■announce the doctrine, that upon the plea of nul Mel record the court should inspect the record and determine for itself whether the court trying the case had jurisdiction of the person of the defendant.
If the defendant had no notice, actual or constructive, of the proceedings against him, it would be alike ■contrary to natural justice and to law to hold him liable. A judgment pronounced against a person under such circumstances is null and void, and is so declared by the courts of Mississippi, and has been so declared repeatedly by our own courts.
To hold, therefore, that the courts of this State may not declare a judgment of Mississippi void which the adjudications of that State declare void, would be for our courts to give greater faith and credit to the proceedings of the courts of that State than her own ■courts would give.
*303 The plea of nul tiel record properly raises the question of the existence of the record sued on, and this plea is triable by the court; and when, on inspection ■of the record, it appears that the party sued in this State was not before the court at the trial, and that the court never had jurisdiction of his person, he having had no notice of the suit or opportunity to defend it, it is in fact no record as to him, and he is not bound by the judgment therein rendered.
Whether the court had jurisdiction of the person, may be tried and determined by the court before which the suit upon the record is brought. And this power, which has been asserted and exercised by our courts, is not in violation of the act of Congress of 1790.
In 2 Story on the Constitution, sec. 1313, it is said that judgments in State courts have the same force and effect in otner States as in the State in which they are rendered; but it is added: — “This does not prevent an inquiry into the jurisdiction of the court ■in which the original judgment was rendered. See also Story’s Conflict of Laws, see. 609.
To the same effect are the cases in 9 Mass., 462, and 14 Howard (U. S.), 337, where numerous cases are referred to and reviewed.
In the case of Moren v. Killibrew, 2 Yer., 376, Judge Whyte, delivering the opinion of the court, declared that void judgments have no operation whatever, while voidable judgments are valid until reversed; •and while disclaiming any right to determine whether the court of a sister State had rendered a correct or erroneous judgment upon the subject matter before it, *304 he very clearly asserted the power of a court of this. State, when called upon to enforce the judgment of the court of another State, to inquire into the jurisdiction of the court rendering the judgment sought to he enforced.
These authorities, and others which might be cited,, fully sustain what we regard as the safer and justen rule upon this subject; i. e., that when a judgment from another State is sought to be enforced in the courts of this State, it is competent for our tribunals,, upon the plea of nul tiel record, to determine whether the court rendering the judgment sought to be enforced had jurisdiction of the person against whom-the judgment was rendered, and of the subject matter of' fhe suit. See -also Earthman v. Jones, 2 Yer., 484. It results that the judgment of the Law Court of Memphis was erroneous and must be reversed.
And this court rendering here such judgment upon, the plea of nul tiel record as the court below should have rendered, sustains the plea, and dismisses the suit at the cost of the plaintiff below.
The judgment of the court in favor of the defendant upon his plea of nul tiel record, Us decisive of the case, and makes it unnecessary to remand it fora trial upon what is now the immaterial plea of payment. *