LEONARD W. KIPP, Appellant, *vs.* DAVID O. FULLERTON, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A Defendant in replevin justified the taking under an execution issued upon a certain judgment, the existence of which judgment was put in issue by the pleadings. Upon the trial, the Defendant offered in evidence the record of the judgment, from which it appeared that jurisdiction of the Court over the Defendants, Julius Mendelson and William Fuller, was obtained by their admission of service in the words following: "Due service admitted of a true copy of the within summons and complaint, this 30th Nov. 1859.  (Signed.)  J. MENDELSON,
W. FULLER."

The Clerk entered the judgment upon the foregoing proof of service, upon default. *Held*—That if the process was in fact served upon the Defendants in the action, the jurisdiction was complete, although the proof of service may not state all the facts necessary; the fact of service may be made to appear in any other manner satisfactory to the Court, if necessary to prevent a failure of justice. The judgment of the Clerk is the judgment of the Court, and is valid until set aside or reversed by direct proceedings in the action. It cannot be called in question collaterally.

This was an action brought by D. O. Fullerton against Leonard W. Kipp, to recover the value of goods alleged to have been unlawfully taken by the Defendant from the possession of the Plaintiff and converted to Defendant's use.

The Defendant, Leonard W. Kipp, justified the taking under an execution, issued on a judgment in the Ramsey County District Court, in his favor and against Wm. Fuller and Julius Mendelson, and alleged the property taken to belong to said Fuller and Mendelson.

The Plaintiff on the trial of the action, proceeded to prove the taking and value of the goods, and then rested.

The Defendant then offered the judgment roll, and judgment book and docket, and the execution, to show a judgment and execution in favor of Kipp against Fuller and Mendelson.

To which judgment roll the Plaintiff objected on the ground as follows:

1*st*. Because there is no proper evidence contained in what purports to be such roll, that any service of any kind of the summons, or complaint, was ever made upon the Defendants or either of them.

Which objection was sustained by the Court, and Defendant excepted, and had his exceptions entered.

On the back of the complaint and summons, in favor of Leonard W. Kipp against William Fuller and Julius Mendelson, the following words are endorsed:

"1628.  *District Court, Ramsey County.*

"Leonard W. Kipp *vs.* William Fuller and Julius Mendelson.

"Judgment roll, summons and complaint, and proof of service.

"Due service admitted of a true copy of the within summons and complaint, this 30th Nov. 1859.

"J. MENDLESON,
"W. FULLER.

"Filed Dec. 27, 1859, at 12½ P. M.

"R. F. HOUSEWORTH, Clerk.

"GORMAN & PECKHAM, Attorneys for Plaintiff."

Thereupon the Defendant asked leave of the Court to make and file in said action between Leonard W. Kipp and William Fuller and Julius Mendelson as of the 27th Dec. 1859, proof of the service of the summons on said William Fuller and Julius Mendelson upon the 30th day of Nov. 1859, at St. Paul.

Objected to by Plaintiff's counsel on the ground—

That the Court could not grant such leave, except on an application made in said action, and that said Court had no power to grant such leave in an application made in the suit on trial, which objections were sustained by the Court to which the Defendant excepted and had the same entered. No part of said judgment roll or records were allowed to go to the jury, who returned a verdict for the Plaintiff of $2,500.

Whereupon the Defendant moved the Court for a new trial.

From the the order of the Court overruling the motion for a new trial the Defendant appealed to this Court.

Points and authorities of the Appellant:

*First.*—Jurisdiction of the person of a Defendant can be acquired in four ways; service of summons—

1st. By Sheriff, or

2d. By any other person of competent age, or

3d. By publication, or

4th. By written admission of the Defendant.

*Second.*—What is *proof* of service.

1*st.* If by the Sheriff; his certificate, official, or

2*d.* If by another person, his affidavit, &c., or

3*d.* If by publication, the printer's affidavit, and an affidavit that a copy of summons was deposited in the post office, or

4*th. By written admission of the Defendant.*

It will be perceived that each of the *means* of *proof* of service are in the disjunctive, and a *written admission of service requires no affidavit or certificate* to authenticate its genuineness. This admission is a written instrument, and "prima facie," genuine until denied by the party who purports to have signed it. *Col. Laws, p. 685, Sec.* 80.

The statute does not require any other or more proof than the Defendant's "*written admission.*" *Col. Laws, p.* 539, *Sec.* 57–8.

*Third.*—"The true rule of law is, that in a court of general jurisdiction, it is to be presumed that the Court had jurisdiction until the contrary is clearly shown." 4 *Cowen R.* 292, 5 *Wendell,* 148 ; 19 *Johnson R.* 33 ; 10*th Barb.* 98 ; 2 *Green's Iowa Rep.* 95 ; 3 *Green's Iowa Rep.* 374, 381.

*Fourth.*—The Clerk had the right to judge of the sufficiency of the proof of due service of the summons and complaint on Fuller & Mendelson. 2 *Am. L. Cases, from p.* 709 *to* 713, *and cases cited,* 736–7 ; *Masterson & Hoyt, Plaintiffs in Error, vs. Antoine Le Claire, Supreme Court of Minn., July Term,* 1860, (*ante p.* 163) ; 18 *Pick.* 393 ; 17 *Wend.* 483.

*Fifth.*—If the service of the summons was defective, was the judgment *carum non judice* and void ? or was the entry of judgment on insufficient evidence—an irregularity only, and voidable ?

This proposition has been fully decided by the Supreme Court in the case of *Masterson & Hoyt vs. Le Claire,* to be "an irregularity only."

*Sixth.*—If the Clerk, in entering judgment, *acts* upon the sufficiency of the papers before him, and actually renders judgment, the sufficiency of such proof of service, if he acted in good faith, and without fraud, cannot be enquired into collatterally. 2 *Starkie's Ev. p.* 687.

*Seventh.*—"But when jurisdiction depends on a fact, that is

litigated in a suit, and is adjudged in favor of that party who avers jurisdiction, then the question of jurisdiction is judicially decided, and the judgment record is conclusive evidence of jurisdiction *until set aside or reversed by a direct proceeding.* 4 *Cowen, p.* 111; *Wright vs. Douglass, and Bell vs. Bagley,* 12 *Pick.* 572, 582–3; 2 *Am. L. Cases, and authorities there cited, p.* 709 *to* 713, 736–7; 3 *Ohio,* 257; 11 *Ohio,* 257; 15 *Vermont,* 46; 6 *Watts,* 398; 4 *Scam.* 364.

*Eighth.*—The defect in the service, or in the proof of service, if any whatever, was, in not giving in the admission, the *place where* the service was made on Fuller and Mendelson. This objection was overruled by the Court below; yet this, if a defect, was avoided by the offer of the Defendant Kipp, to show that the service was made at St. Paul, and no sort of proof or attempt at it was made by the Plaintiff to prove the service of the summons to have been without the jurisdiction of the Court. And as jurisdiction is always presumed in favor of Courts of general jurisdiction, the burden of proof is on the party who denies it. 4 *Cowan* 111; 21 *Wend,* 40 *to* 57; 2 *Am. L. Cases, p.* 709 *to* 713; 17 *Wend.* 483.

In the record it is expressly averred that the Clerk had proof that the Defendants Fuller & Mendelson, were personally served with process.

Points and authorities of Respondent:

*First.*—The admission endorsed upon the complaint and summons, in Kipp *vs.* Fuller & Mendelson, was, standing alone, no proof of service.

1st. There was no proof that the persons whose names were subscribed to it were the Defendants in the action. It was subscribed by J. Mendelson and W. Fuller. J. Mendelson might have been John, James, Jacob, or any other Mendelson, whose name commenced with J., and so with W. Fuller.

2d. There was no proof of the genuineness of the signatures, neither the Clerk or Court could take notice that they were genuine. *Sec.* 1, *Code Rep.* (*New Series*) 42, *Litchfield vs. Burwell;* 5 *Howard Prac.* 346, *same case; Masterson et al. vs. Le Clair, decided at last July Term of this Court.*

3d. The admission does not state when nor where the ser-

vice was made. It ought to appear that the service was made on a day when process can be served, and at a place within the jurisdiction of the Court. *See Litchfield vs. Burwell above cited.*

The word *due* in the admission relates only to the manner of service, and not to the time or place.

*Second.*—Jurisdiction of the subject matter is presumed in favor of judgments of Courts of general superior jurisdiction, but jurisdiction of the person is not; that must appear upon the record. 12 *Wend. Rep. p.* 11, *Smith vs. Fowle*; 21 *Wend. Rep. p.* 56, *Hart vs. Seiras, dissenting opinion of Brownson, J.;* 11 *Wend. Rep. p.* 647, *Denning vs. Corwin*; 3 *Howard's Prac. Rep. p.* 43, *Harris vs. Righter*; 3 *Minnesota Rep. p.* 117, *Fuller vs. Caldwell et al.*

The recital in the judgment does not make it appear on the record, because the statute provides how the fact of service shall be made to appear, to wit:

By the proof being attached to the judgment roll. *See Comp. Stat. p.* 566, *Sec.* 75, *Subdivision* 1.

And the judgment must be construed in connection with the roll. *See* 13 *How. Pract. Rep. p.* 43, *Harris vs. Righter*; 12 *Wend.* 11; 15 *John.* 141; 19 *John.* 39.

*Third.*—But the Defendant proved want of service by production of the roll. The Statute prescribes how service shall be made, and that such proof shall be attached to the judgment roll.

The production of the files, among which the proof, if there was any, ought to be, and the absence of such proof from said files is *prima facie* proof of the *negative*, that there was no service.

*Fourth.*—Admitting that the Court had jurisdiction of the action of Kipp *vs.* Fuller & Mendelson, was the judgment offered in fact, or did it purport to be the judgment of the Court.

*1st.* Unless the Clerk was authorized to make the entry it is not the judgment of the Court, but a mere interpolation in the judgment book, the same as though made by any other unauthorized person, or by the Clerk when no action was pending, or as though the Clerk had made the entry without a sufficient

summons. *See Bouvier's Law Dictionary, p.* 676–3; *Fuller
vs. Caldwell,* 3 *Minn. Rep. p.* 117.

2*d.* The Clerk is authorized to make such entry in two cases:
First, on the direction of the Court or a referee. Second, on
the filing of the papers, (summons, complaint, proof of service,
and no answer) mentioned in *Subdivision* 1, *Sec.* 173, *p.* 555,
*Comp. Statutes.*

3*d.* The entry does not purport to have been made on the
direction of the Court or a referee, and the question is narrowed
down to this : Was he authorized to make it under subdivision
one, above referred to.

4*th.* The entry of judgment by the Clerk without the inter-
vention of the Court is a new proceeding purely statutory ; it
was unknown to the Common Law, and the precedent condi-
tion of the Statute should therefore be strictly complied with,
before he has authority under the statute to make it.

5*th.* The precedent conditions of the statute, are that the
Plaintiff shall file with him the papers mentioned in subdi-
vision one, above referred to. His authority does not depend
on the *fact* of service but in the filing of the papers; no matter
whether the summons has been served or the Court acquired
jurisdiction of the Defendant, he cannot enter judgment unless
the papers are filed by Plaintiff.

6*th.* The *absolute verity* accorded to records of Courts grew
out of the practice of the proceedings all being had in the
*immediate presence* of the Court. 1 *Burrill's Practice,* 247
*and* 248.

From that arises the presumption of jurisdiction. The same
presumption does not exist in favor of the authority of the
officers of Courts to do merely ministerial acts, when such
authority depends upon the performance of some act by the
party, such as filing papers, &c.

7*th.* When a Plaintiff takes a judgment by default, he should
see to it that all the papers are filed to authorize the entry of
it, else he takes judgment at his peril.

8*th.* That there was no other proof of service than the ad-
mission filed, appears not only from the roll itself, but the
Clerk's endorsement on it, of "judgment roll, summons and
complaint, and proof of service." As the Clerk has no authority

to make the entry it was therefore a nullity. *See* 3 *Minnesota Rep. p.* 117. *Fuller vs. Caldwell et al.*

*Fifth.*—The motion for leave to make and file the proof, could not be made in this action, but only in the action of Kipp against Fuller & Mendelson, and the error in refusing it could only be reviewed on an appeal in that action.

The order on the application not being an order in this action cannot be reviewed in it.

*Sixth.*—The leave, if granted, could not be to file the proof and have the judgment entered as of the date of filing. *Sec.* 14, *How. Pract.* 380, *Kendell vs. Washbore.*

The judgment, which was a nullity at the time of entry, could not be made valid so as to affect the rights of parties acquired meantime.

W. A. GORMAN, and SMITH & GILMAN, Counsel for Appellant.

J. & C. D. GILFILLAN, Counsel for Respondent.

*By the Court.*—EMMETT, C. J. The Defendant justifies the taking complained of, under an execution issued upon a judgment alleged to have been rendered in his favor against William Fuller and Julius Mendelson, alleging the property taken to have belonged to the Defendants in said action.

The existence of such a judgment was denied by the Plaintiff, and when the judgment roll, judgment book and docket, were offered in evidence by the Defendant, the Plaintiff objected, on the ground that there was no proper evidence contained therein, that any service of any kind, of the summons or complaint, had ever been made on the Defendants in said action, or either of them.

The judgment was entered on failure of answer by the Clerk, upon filing with him the summons and complaint upon which was indorsed the following: "Due service admitted of a true copy of the within summons and complaint, this 30th Nov. 1859.          (Signed)                    J. MENDELSON,
                                                    W. FULLER."

The Judge sustained the objection and excluded the record

from the jury. The Defendant moved for a new trial, which the Court refused to grant, and from the order overruling the motion the Defendant appeals to this Court.

The judgment against Fuller & Mendelson, and the record of the proceedings therein, seem in all respects regular, except as to the admission of service, and as to that, it is insisted that it is insufficient, because it does not state the time and place of service, as required by *Sec. 58, Com. Stat. 539*, and because there was no proof that the persons signing the same were the Defendants named in this action, they having signed by their initials only.

From the time of the service of a summons in a civil action, the Court is deemed to have acquired jurisdiction, and to have control of all subsequent proceedings. *Com. Stat. 539, Sec. 59.* If therefore the process were in fact served upon Fuller & Mendelson, the jurisdiction was complete, although the certificate, affidavit, or admission of such service may not have stated all the facts necessary. It is then the fact of service that gives the Court jurisdiction, and that fact should be proved in the manner directed by statute, but if necessary to prevent a failure of justice it may be made to appear in any other manner satisfactory to the Court. And when proof of service is offered, and the Court passes upon the sufficiency thereof, and renders judgment against the party, that judgment is valid until set aside or reversed by direct proceedings in that action. Had the Defendants in that action objected to the sufficiency of this proof at the time, or proceeded before the District Court to set aside the judgment, on the ground that process was not served, the Court would have permitted the Plaintiff to supply the omission, or to have made proof of service, aside from the Defendant's admission. So long, however, as they permit the judgment to stand, it is good against them; and the entry of it, where an issue is joined, on a plea of *nul tiel record*, gives force and validity to the record of the previous proceedings— not the record of those proceedings to the entry of the judgment. 2 *Amer. Lead. Cases*, 730.

Had the proof of service on Fuller & Mendelson been made to the Judge, and he had rendered the judgment thereon, it would hardly have been contended that the judgment was

not binding until set aside or reversed. I can see no difference as to the effect of a judgment, whether it be rendered directly by the Court itself, or indirectly through its Clerk. In either case it is the judgment of the Court; otherwise a judgment entered by the Clerk is a mere nullity; for under our Constitution he is invested with no judicial power. We must therefore presume where the Clerk is authorized to act in such capacity, that his action is the action of the Court, and that in such instances he merely enters in form, the inevitable sentence or decision of the law, resulting from certain ascertained facts.

When a Plaintiff, in order to take judgment for want of an answer, offers to the Clerk proofs of the service of the summons, and that no answer has been received, the Clerk must necessarily decide upon the sufficiency of that proof, and to this extent he acts on behalf of the Court in a judicial capacity. Unless he is authorized to determine for himself whether the proof is sufficient, or in conformity to the statute, he may not feel at liberty to refuse whatever evidence may be offered, but would enter judgment upon the evidence filed, however defective, and let the Plaintiff take the chances of a reversal. If, however, it is conceded that the Clerk may reject the proofs offered, it seems inevitably to follow that his decision is a judicial determination of the question of service, and until set aside or reversed, as conclusive upon the parties as if it had been made by the judge himself.

There seems to me to be no middle ground between holding the action of the Clerk in all such matters, as of equal validity with the decision of the Judge, and treating it as entirely nugatory; I regard the decision, as to the sufficiency of the proof of service, by whomsoever made, as a judicial determination of the question of jurisdiction of the person, and binding upon the parties until set aside or reversed, by a direct proceeding in the same action.

But whatever might be the result of a proceeding on the part of the parties against whom this judgment was rendered, for the investigation of any error in the proceedings, we are clearly of opinion that the judgment cannot be called in question collaterally in the manner proposed by the Plaintiff in this case.

The issue presented by the pleading is the existence or non-existence of the judgment set up in the answer. That judgment is conclusively proved by the record introduced in evidence—and, being rendered by a Superior Court, upon a proceeding within the scope of its general jurisdiction, the presumption that the proper course to make the jurisdiction attach by the service of process or otherwise, is so absolute, that it could not be controverted by evidence by the judgment debtors themselves, so long as the judgment remains unreversed, much less by a third party in a collateral proceeding. The only exception to this rule, which we have been able to find, is in the instance of suits brought in one State upon judgments rendered in another. There the judgment debtor, when the record was silent as to the service of process, has in some instances been allowed to traverse the fact of his appearance, but that exception, it is said, has been introduced by necessity rather than reason. The decisions again and again assert the principle, that the proceedings of a court of general jurisdiction cannot be questioned collaterally, and are absolutely binding on the parties until set aside by the tribunal in which they have taken place, or regularly reversed on error. 17 *Wend.* 483; 4 *Scam.* 384; 10 *Peters*, 472; 18 *Pick.* 393; 15 *Vermont*, 46; 8 *Ohio*, 108; 22 *Maine*, 128; 7 *W. & S.* 499; *and* 2 *Amer. Lead. Cases*, 719, *note.*

We think the Judge erred in excluding this record from the jury, and that the order refusing a new trial should be reversed, and a new trial granted.