WILLIAM L. AMES, Plaintiff in Error, *vs.* C. H. SCHURMEIER, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

A summons to which the written signature of the party issuing it is not attached, is void for want of proper authentication.

Points and authorities of Plaintiff in Error.

I.—The summons was not subscribed, as required by law.

II.—There was never any proof presented to the clerk of service of summons, nor of default.

Points and authorities of Defendant in Error.

The summons was regularly subscribed by the attorney of the Plaintiff below.

It also had the revenue stamp prescribed by act of Congress, though it is respectfully insisted that Congress has no power to tax the process or the proceedings of State courts.

BRISBIN & WARNER, Counsel for Plaintiff in Error.

LORENZO ALLIS, Counsel for Defendant in Error.

*By the Court*—EMMETT, C. J.—The first point made by the Plaintiff in Error involves the construction of *sec.* 49, *chap.* 60, *Comp. Stat.*, 537, and is the only point which we deem it necessary to notice. The section referred to reads as follows :

" (49.) The summons must be subscribed by the Plaintiff or his attorney, and directed to the Defendant, requiring him to answer the complaint and serve a copy of his answer on the person

29—vol. ix.

Ames v. Schurmeier.

whose name is subscribed to the summons, at a place within the [State] therein specified, in which there is a post office, within twenty days after the service of the summons, exclusive of the day of such service."

The simple question arising on said section in this case, is whether a summons, emanating from the Plaintiff's attorney, to which his name is not written, but is, in fact, printed, is a valid writ.

Questions of interpretation and of construction are of such a character, that while intelligent men may differ, and differ widely, concerning them, yet it seldom happens that either party is able to demonstrate the correctness of the views for which he contends. Assuming, however, that the language of the section above recited, is used according to its ordinary meaning and usual acceptation, (and there is nothing tending in any degree to show that it is used in any other sense,) we think it may reasonably be interpreted as meaning that the summons must have the name of the Plaintiff, or his attorney, attached thereto, in his own proper handwriting—in other words, that it must have his signature appended.

It is not insisted that this is not the ordinary and proper interpretation of the section, but the Defendant in Error contends that it may be properly construed to include a printed as well as a written signature. There would be much force in this position, were this a case in which the party was endeavoring to avoid responsibility of any kind, by reason of his having printed instead of written his name to any instrument. But we are of opinion that the statute elsewhere expressly excludes the possibility of such a construction. Section 16 of the chapter " concerning statutes and their construction," while it declares that the words " written," and " in writing," may be construed to include printing, engraving, lithographing, and any other mode of representing words or letters, contains also this express proviso, " That in all cases where the written signature of any person is required by law, *it shall always be the proper handwriting of such person,* or, in case he is unable to write, his proper mark."

This, it seems to us, effectually disposes of the question. There can be no reasonable doubt of its direct application to the section concerning the issuing of summons above recited; because it is taken from a chapter of the same general act (an act for revising and consolidating the general statutes of the Territory, approved March 31, 1851,) the very chapter in which the Legislature lays down the rules by which the act is to be construed and interpreted; and if the proviso in the rule just referred to does not apply to the case of the signature to a summons, it is difficult to find one to which it would apply. Indeed, after having made so great an innovation on the old practice as to discard all formalities, and permit the Plaintiff himself, or his attorney, to put the process of the Court in motion, without even applying to the Court for leave, thus dispensing with the seal by which the process of courts of record had always been authenticated, it was perfectly natural for the Legislature to require that the process thus informally issued and served upon the Defendant, should be authenticated by, at least, the signature of the person by whom he is summoned, so that the Defendant might have some means of determining whether the action is authorized by the Plaintiff..

Judgment reversed.