Hotchkiss v. Cutting.

---

## Andrew Hotchkiss

### vs.

### Eunice Cutting.

A written signature to a summons, purporting to be the proper signature of the plaintiff in the action, made by another in the presence and by the direction of the plaintiff, is valid.

A summons subscribed by the plaintiff which required the defendant to serve a copy of his answer upon "the subscriber at his office in the city of Rochester, Minn.," is sufficiently certain, and if the summons is otherwise regular in form, the service confers jurisdiction. If the plaintiff had no office at the place specified, upon the proper showing, advan-

tage could be taken of the fact on a motion in the action in which the summons issued; it cannot be taken advantage of collaterally.

A summons which states that on a failure to answer "application will be made to the court for the relief demanded in the complaint," is a sufficient notice to the defendant that the *plaintiff* will apply to the court for such relief, and is a sufficient compliance with the statute to confer jurisdiction.

A determination by the court of the sufficiency of certain affidavits as proof of the service of the summons, and of the failure of the defendant to answer, when the affidavits relied upon are sufficient to call for such determination, is an adjudication of the question of jurisdiction, and binding upon the parties, until set aside or reversed by a direct proceeding in the same action.

When proofs are to be taken by the court, or under its direction, in order to enter a judgment by default, and a judgment is entered, the presumption is that the necessary proofs were taken.

The omission of the clerk to sign a judgment does not render the judgment void.

When the record in an action shows the jurisdiction of the court, both of the subject of the action, and of the person of the defendant, the judgment therein cannot be attacked collaterally for irregularity in the proceedings.

The confirmation by the court of a report of sale under a decree of foreclosure, &c., as to the regularity of the proceedings under the decree, has the effect of a judgment, and, until vacated or set aside by a direct proceeding in the action, is conclusive, and the report of sale cannot be attacked collaterally for irregularity.

When a decree of foreclosure, &c., directs the premises "to be sold at public auction, at the court house in said county of Olmsted, *by the sheriff of said county*," and that "*the said sheriff* make a report of such sale," &c., the duties enjoined by the decree are imposed on the sheriff, as an officer, not individually, and are a part of his official duties, and the signing of the report of sale in his name, by his deputy, is authorized by law.

This action was commenced in the district court for Olmsted county to recover possession of certain real estate. The case is sufficiently stated in the opinion of the court.

JONES & BUTLER for Appellant.

E. A. McMahon for Respondent.

*By the Court.*—McMillan, J.—This is an action to recover the possession of real estate. Both parties claim title from a common source. Ezra D. Cooper, who, it is admitted, was the owner in fee of the premises on the 31st of July, 1857, on which day, the evidence shows, he executed a mortgage on the premises to one Solomon Grimes, to secure the payment of a note of even date, for four hundred dollars, with interest, &c., twelve months after the date thereof. The mortgage was duly recorded on the same day. Default having been made by the mortgagor in payment of the mortgage debt, Grimes foreclosed the mortgage by action in chancery, in which Cooper and wife, Palmer L. Hadley and Marinda Hadley, his wife, Oscar Ennis and H. J. Farr were defendants, and such proceedings were had therein, that on the 20th of July, 1860—the period for redemption having expired, a sheriff's deed for the premises was executed to Grimes, who was the purchaser at the foreclosure sale, which was duly recorded the same day. On the 29th of March, 1861, Grimes conveyed to Rodney Whitney, who with his wife conveyed to the defendant, Eunice Cutting, on the 2d of February, 1863. On the 4th of November, 1857, subsequent to the mortgage, Cooper and wife executed a deed of the premises to Amos D. Palmer ; on the 13th of April, 1858, Palmer conveyed to Marinda Hadley, who conveyed the premises to the plaintiff, Hotchkiss, on the 5th of April, 1865. The deed from Cooper and wife to Palmer, having been executed subsequent to the mortgage to Grimes, if the foreclosure proceedings are valid, the defendant has the paramount title.

The validity of these proceedings is the question to be determined in the case. The defendant having admitted the

conveyances under which the plaintiff claims title, offered in evidence upon the trial, the judgment roll in the foreclosure action, to the admission of which the plaintiff objected as immaterial, irrelevant and incompetent. The court overruled the objection, and the plaintiff excepted.

The "judgment roll" was endorsed, "Filed May 4th, 1859, C. C. Jones, clerk," and embraced the summons and complaint, each purporting to be signed, "S. Grimes, Att'y, in person"; affidavits of C. C. Willson and Henry Messersmith, who served the summons on the defendants, of the fact of service, and that no answer, demurrer or appearance had been made by either of defendants; the judgment or decree signed by the judge of the district court, together with two affidavits, one by Solomon Grimes, the plaintiff, made on the 6th day of March, 1868, and one by Ezra D. Cooper, the mortgagor, and principal defendant in the action, made on the 7th of May, 1868, and filed and attached by leave of court to the judgment roll, with the order granting such leave, June 13, 1868.

The first point urged by the appellant in support of his objection to the admissibility of the judgment roll in evidence, is that the plaintiff's affidavit (of March 6th, 1868,) shows that he did not subscribe the summons, that therefore the summons and subsequent proceedings were void, and without jurisdiction. The signature was in writing, and it appears from the affidavit referred to, was made by Messersmith, the agent of the plaintiff, in his presence and by his express direction. This is a sufficient subscription by the plaintiff. It is certainly as good as the writing of a firm name of attorneys made by one member of the firm, and it cannot be doubted that such a subscription of a summons would be valid. The case of *Ames vs. Schurmeier*, 9 *Minn.*, 221, was the case of a printed signature, and determines

only that a printed signature is not sufficient. Whatever may be the effect of the decision in that case, it is not in point here.

The summons, subscribed as above stated, required the defendants to serve a copy of their answer upon the " subscriber at his office in the city of Rochester, Minnesota ; " it designates the place at which the service of the answer was required to be made by the defendants, with sufficient certainty, and the language " in case you fail to answer said complaint within the time aforesaid application will be made to the court for the relief demanded in the complaint," is a sufficient notice to the defendants that the plaintiff would apply to the court for such relief, and is a substantial compliance with the statute. It does not appear positively that the plaintiff had not an office in Rochester, but, if he had not the summons is regular upon its face, and is sufficient to confer jurisdiction. If the defendants were unable to serve their answer on that account, it would, perhaps, have been a good ground for setting aside the judgment, or it would perhaps have been proper to show that fact on a motion to set aside the summons, as irregular ; but it is an irregularity only, and does not go to the jurisdiction of the court. It does not appear that any attempt was made by either of the defendants to serve an answer, or notice of appearance in the action ; on the contrary Cooper, the principal defendant, the mortgagor, states expressly, that he could have served his answer on the plaintiff, if he had so desired, but that he never did serve an answer, or appear in any way in the action, and had no defense to interpose, and did not desire to answer or appear in the action.

The affidavits of Willson and Messersmith in the judgment roll, filed before the entry of judgment, show a proper service of the summons on each of the defendants. This is

sufficient to confer jurisdiction of the persons of the defendants, and the affidavits show, *prima facie*, the failure of the defendants, and each of them to appear or answer, and at least are sufficient to call upon the court to decide upon their sufficiency as proof of that fact, and a determination of that question is a judicial determination of the question of jurisdiction of the person, and binding upon the parties until set aside or reversed by a direct proceeding in the same action. *Kipp vs. Fullerton*, 4 *Minn.*, 480. See also *Catlin vs. Billings*, 16 *N. Y.*, 622. No reference or finding by a jury or referee was necessary in order to render judgment; the proofs were to be taken by the court or under its direction, and the presumption is that the necessary proofs were taken.

It has already been determined that the omission of the clerk to sign the decree or judgment is at most an irregularity which does not vitiate the judgment. *Jorgensen vs. Griffin, ante p.* 464. As the record shows the jurisdiction of the court, both of the subject of the action, and the persons of the defendants, the judgment cannot be attacked collaterally for any irregularity in the proceedings. *Kipp vs. Fullerton, cited ante ; Jorgensen vs. Griffin.* The filing of the judgment roll being properly endorsed, and attested by the clerk, and the proceedings valid, the roll was properly received in evidence.

The decree directs that the premises " be sold at public auction at the court house in said county of Olmsted, by the sheriff of said county," and " that the said sheriff make a report of such sale and file it with the clerk of this court," &c. The report of sale is made in the name of the sheriff, and the proceedings are stated to have been done by him. The report is signed, " George W. Baker, sheriff, by H. Loomis, deputy." The order of confirmation recites the " reading and filing of the sheriff's report of sale," and con-

firms the sale and approves the proceedings of the sheriff therein.

The deed in pursuance thereof was duly executed by the sheriff personally, and recites the proceedings in the usual form.    We think under these circumstances the signature of the report is in any event sufficient, and is virtually a signing by the officer. *See Coxe vs. Halsted*, 1 *Green's Ch.* 315; but at most is irregular, and as to the regularity of the proceedings under the decree, the confirmation of the report has the effect of a judgment, and until vacated or set aside by a direct proceeding in the action is conclusive, and cannot be attacked collaterally : but further, the duties enjoined by the judgment were imposed on the sheriff as an officer, not individually, and were a part of his official duties, and the signing of the report in his name by his deputy, was authorized by law.

The statute in force at the time, defining the duties of the sheriff, prescribes, among other things, that he " shall generally do and perform all and singular the duties which are or may be authorized by law to be performed by the sheriff," &c.    *Compiled Statutes, Chapter* 7, *section* 54, *page* 162 ; and by *section* 51 of the same chapter, he is required to appoint a deputy, who is required to take an oath of office, and " is empowered to do and perform all the duties devolving on the sheriff of the county," for whose acts the sheriff is responsible.    The evidence offered was competent, and the foreclosure proceedings were valid, and passed the title to the premises to Grimes, the purchaser, which, by the subsequent conveyances, vested in the defendant, who has the paramount title.    She is, therefore, the owner, and entitled to the possession of the premises.

Judgment affirmed.