Cone v. Hooper.

---

# JAMES J. CONE

## *vs.*

## SANFORD A. HOOPER.

A. sued B. in the supreme court of New York, and recovered judgment for $99.02 and costs, which was entered on the report of a referee on the 2d May, 1856, in the clerk's office of Livingston county.   Afterwards, on an appeal from said judgment to the general term of said court, such proceedings were had that at a general term of said court held at Rochester, Feb. 18, 1858, an order was entered reversing said judgment, and

Cone v. Hooper.

granting a new trial, costs to abide the event, and that on Feb. 15, 1864, judgment was entered in said supreme court dismissing the complaint, with costs for B. taxed at $284.16. The record contained no proof of service of the notice of said appeal, but set forth that, at the general term aforesaid, "the cause being regularly upon the calendar, and being brought on for argument, after hearing T. W. H. of counsel for respondent, and S. L. of counsel for appellant, it was ordered that the judgment heretofore entered herein in Livingston county clerk's office be reversed, and that a new trial be granted." *Held*, that said appeal, not being a new action, but a proceeding had in said action subsequent to said judgment rendered in A.'s favor; as the supreme court of New York which acquired in the commencement of such action plenary jurisdiction of the parties and subject matter, retained it through all subsequent proceedings therein, the said final judgment therein is entitled to the same faith and credit in a suit thereon in this state by the assignee thereof against A., as a judgment of a superior court of this state, and is to be presumed correct, unless manifestly erroneous, and is not to be contradicted or convicted of error by extrinsic evidence. That, therefore, it was not open to A. to aver or prove in said suit in this state, that all the proceedings had in said action since the recovery of said judgment by him therein were taken and had by B., without any notice to or appearance by A., either in person, or by any attorney by him in any manner authorized to appear or act for him in said action, and therefore irregular and void for want of jurisdiction in said court over him as a party.

Said judgment in favor of A. was entered on motion of W. his attorney of record, and the notice of appeal was filed in said clerk's office on the same day, and said W. was a resident of New York for some months thereafter. *Held*, that evidence that A. left New York in June, 1856; that he knew nothing of any further proceedings in the action till after the recovery of said judgment against him; that before leaving he instructed W. to collect his judgment promptly so as to avoid an appeal; and that a year after, W. rendered him an account, in which he accounted for $30 as collected on his said judgment, has no tendency to show that such notice of appeal was not duly served on W. as required by the law of New York.

This court cannot inquire whether or not upon the evidence a statement of facts is shown to have existed, as to which no issue is made by the pleadings.

This action was brought in the district court for Scott

Cone v. Hooper.

county, upon a judgment rendered in an action in the supreme court of New York against the defendant, in favor of one Laura Spencer. The plaintiff sues as assignee of the judgment. The cause was tried by the court without a jury, and judgment rendered for the defendant. The plaintiff appeals from such judgment, to this court. On the trial the only evidence on the part of the plaintiff was a duly authenticated copy of the judgment roll. The defendant testified in his own behalf, and exceptions were duly taken by the plaintiff to a portion of his testimony. This testimony, and the exceptions thereto, and the more material portions of the judgment roll, sufficiently appear in the opinion.

John H. Brown, for Appellant.

R. A. Irwin, for Respondent.

*By the Court.*—Ripley, Ch. J.—The complaint states that Hooper, the respondent, heretofore commenced an action in the supreme court of the state of New York against Laura Spencer, wherein such proceedings were had that on the 15th day of February, 1864, judgment was duly rendered in and by said supreme court in favor of said Spencer and against said Hooper for $284.16; and plaintiff sues as assignee of said judgment. Hooper answers, admitting the commencement of of said action; alleges that such proceedings were had therein, that on the 2d May, 1856, he recovered judgment in said action against said Laura Spencer for the sum of $99.02, and costs, and that such judgment is still in full force; denies the allegation in the complaint that such proceedings were thereafter had in said action as that said Laura Spencer recovered the judgment against him in the complaint stated, or

that any judgment whatever in said supreme court exists, or is in force against him in her favor.

The answer also avers that all the proceedings which have been had in said action since the recovery of the said judgment against Mrs. Spencer, as aforesaid, have been taken and had on her part without any notice to or appearance by the defendant, either in person, or by attorney by him in any manner authorized to receive notice or to appear or to act for him in said action in any manner or form, or to any extent whatever, and that all such proceedings are irregular, and without any jurisdiction in said court over this defendant as a party thereto, and are void.

By the transcript of the record from said supreme court, given in evidence at the trial, it appears that at a general term of said supreme court held at Rochester on the 18th day of February, 1858, an order was entered reversing the judgment entered as aforesaid in favor of the defendant, and granting a new trial, costs to abide the event; and that thereafter on the 15th day of February, 1864, judgment was entered in said supreme court for the dismissal of the plaintiff's complaint, and the recovery by said Laura against the said Hooper of her costs and disbursements, taxed at $284.16.

The defendant's allegation that his judgment aforesaid was still in force, was, therefore, disproved, and it appeared that it had been reversed, and that said Laura had recovered in said supreme court the judgment sued on. If the supreme court of New York had jurisdiction of the parties, and subject matter, its judgment is entitled to the same faith and credit here as it would be there. It is as conclusive here, as a judgment of a court of general jurisdiction of this state would be, in the absence, that is to say, of any local law or usage of New York to the contrary. *Burrell v. Briggs,* 9 *Mass.* 462;

Cone v. Hooper.

*Shumway v. Stillman,* 6 *Wendell,* 448 ; 2 *Am. Lead. Cases,* (4th Ed.) *pp.* 778, 820.

It is not suggested that there is any such law or usage.   On the contrary, the statutes and rules of court of New York, on the points relied on by defendant, are said to be substantially the same as ours.   Now the supreme court of New York certainly acquired jurisdiction of the parties, and the subject matter, when the defendant commenced his suit therein against Laura Spencer, and the judgment now sued is the final judgment in said action.   The defendant, certainly, would not contend that if he were sued in New York on this judgment, he could be heard to deny that he had notice of the proceedings therein, subsequent to his said judgment, or that he appeared therein.   The proceedings of superior courts are presumed correct unless manifestly erroneous, and cannot be contradicted or convicted of error by extrinsic evidence.   1 *Smith Lea. Cases,* 820.   They are absolutely binding on the parties until set aside by the tribunal in which they have taken place, or are reversed on error.   *Kipp v. Fullerton,* 4 *Minn.* 473 ; *Hotchkiss v. Cutting,* 14 *Minn.* 537.

These propositions are, of course, as applicable in this suit on a judgment of a sister state, as they would be on a suit on a domestic judgment, if the court in New York had jurisdiction of the parties and of the subject matter; and such jurisdiction the supreme court of New York certainly had, as already observed.   The proceedings in such action are regular on their face, and within the scope of the power of the court. The judgment in defendant's favor was entered in the clerk's office of said court for Livingston Co., on the 2d of May, 1856, on the report of the referee by whom the case was tried. On the same day notice of appeal therefrom to the general term of said court, and dated the same day, was filed in said office.   The defendant's brief states, and we believe correctly,

that the circuit courts are held by one judge, and that an appeal from a judgment rendered at the circuit, or from the report of a referee or a judgment thereon, (which is this case) is really an appeal to the same court at general term in *banc*, held by a *quorum* of the judges. The proceedings, therefore, were throughout in the same court.

The record contains no proof of service of the notice of appeal on the defendant; but it sets forth that at the general term aforesaid, "the cause being regularly upon the calendar, and being brought on for argument, after hearing T. W. Havens of counsel for respondent, and Scott Lord of counsel for said appellant, ordered that the judgment heretofore entered herein in Livingston county clerk's office be reversed, and that a new trial be granted."

By the constitution of the U. S., and the act of congress, this record is to have full faith and credit given to it in the courts of this state, as in the courts of New York.

Suppose the notice of appeal was not in fact served, and that defendant did not appear, and that New York law is that without such service or appearance the court acquired no jurisdiction of the appeal, and had no authority to grant a new trial; the record, nevertheless, discloses no such defects. On the contrary, it states the appeal to be regularly on the calendar, and that defendant was heard, by counsel, on the argument. In such case, the New York court having had jurisdiction of the parties, and subject matter, the presumption that the proper course was taken to make jurisdiction of the appeal attach is so absolute, that it could not be controverted by the parties in a suit on that judgment in this state, so long as that judgment remains unreversed. *Kipp vs. Fullerton, supra.*

The, defendant, however, contends, and the court below seems to have gone on the theory, that such appeal from the

Cone v. Hooper.

circuit to the general term, is to be treated in this state as if it were a new action commenced by Mrs. Spencer against defendant, the proceedings in which would be void unless process was served on him, or he appeared and submitted himself to the jurisdiction of the court, and that he is at liberty in this suit on the New York judgment to show that he was not so served, &c. If this be so, the defendant, if Mrs. Spencer were alive and a resident of Minnesota, might sue her in this state on the judgment entered in his favor, as aforesaid, and maintain his action by proving that the judgment in her favor was rendered without notice to him,—thus recovering *here*, on a judgment which had no existence in New York. No such absurdity, however, exists. The defendant by his answer has himself correctly characterized the proceedings subsequent to his judgment, in speaking of them as the proceedings which "have been had in said action since the recovery of his said judgment therein." The supreme court no more lost jurisdiction of the defendant when it rendered judgment *for* him, than it did of Mrs. Spencer on rendering judgment against her. It could enforce the judgment against her, and it could reverse it and render judgment against him, and its judgment in either case would be conclusive on the parties unless it appeared on its face to be void.

Some decisions of New York courts were cited, to the effect that the service of notice of appeal is a jurisdictional question, and that where the notice had not been served in the manner required by the statute, the appeal was a nullity. And the defendant argues therefrom, that without such service on him or his attorney, or a voluntary appearance on his part, the general term acquired no jurisdiction of his person, and that the subsequent judgment was void. That by analogy to decided cases as to suits on judgments of other states, he may show such want of jurisdiction in the same way as he might

have done had such appeal been a new action commenced by Mrs. Spencer against him. 2 *Am. Lea. Cas.* (*4th Ed.*) 778, *et seq.*

It is not necessary to decide whether, if the appeal had been a new action commenced by Mrs. Spencer against him in New York, the defendant in *this* action would be at liberty to show that the notice was not served on him, and that Havens was never authorized to appear for him; nor how far the New York decisions in question support the defendant's theory that the general term would not acquire jurisdiction of his person but by service of the notice of appeal, or appearance; nor whether, if such be the law of New York the defendant, not having pleaded or given it in proof, can avail himself thereof. Assuming, for the sake of the argument, that these questions could all be answered in the affirmative, it appears, nevertheless, upon examining the cases in question, that it is therein stated to be the law, that notices of appeal (including such appeals as the one in question) must be served on the attorney of record of the adverse party, and not on the party; that notice to the party himself is insufficient, and if so served, the party, if he does not appear, may take advantage of the defect at any time. *Tripp vs. DeBow*, 5 *How. Pr.* 114; 3 *Code Rep.* 163; *Crittenden vs. Adams*, 5 *How. Pr.* 310; 1 *Hill.* 662.

By the transcript it appears that C. C. Willson, Esq., (as defendant also states in his evidence) was his attorney of record on the 2d of May, 1856, on which day judgment was entered in the clerk's office in defendants' favor, on Mr. Willson's motion, and on which day the notice of appeal also bears date, and was filed. It appears from the defendant's testimony that Mr. Willson was a resident of New York till some months thereafter. The presumption is that the notice of appeal was duly served on Mr. Willson. Nothing is intended to be out of

Cone v. Hooper.

the jurisdiction of a supreme court but that which expressly appears to be so. If there was a want of jurisdiction, it is for defendant to show it. *Holmes vs. Campbell*, 12 *Minn.* 226. Now there is nothing in the evidence of the defendant tending to show that such service was not had. He states that he knew nothing of any further proceedings in the case till something more than two years before the trial of this action, when he received a letter relating to the case from Mr. Havens, whom he did not previously know. He also states that before he left New York he instructed Mr. Willson to collect the judgment promptly, so as to avoid an appeal in case they were disposed to take any; and that about a year after he left, Mr. Willson rendered an account to him about matters which he left with him, and in that accounting he accounted for $30.00 collected on the judgment entered in defendant's favor, aforesaid. Whether Mr. Willson did or did not, in point of fact, collect anything on said judgment, (and the record does not show that any execution issued thereon) it is at any rate apparent that the defendant left Mr. Willson in charge of the case when he himself removed from the state, which he states to have been in June, 1856.

Supposing, therefore, that the facts were as stated by the defendant, the fact that the defendant was ignorant, till he received Havens' letter that an appeal had been taken, and the fact that Mr. Willson accounted to him for said sum as collected on said judgment, have, alike, as is perfectly obvious, no tendency whatever to prove that the notice of appeal was not duly served on Mr. Willson. The presumption that it was, remains unshaken. It is wholly immaterial, then, whether the defendant had notice or not, or whether Havens had any authority from him to appear or not in the case. Upon the authority of the very cases upon which he relies, the general term must be taken to have obtained jurisdiction of the ap-

peal. The judgment, therefore, upon the defendant's own showing, as well as on general principles, is conclusive on him, and he can no more show here, than he could if he were sued on it in New York, that Havens appeared for him without authority. 2 *Am. Lea. Cas., supra*. *Brown vs. Nichols*, 42 *N. Y.* 26.

It follows that the evidence of Hooper, above referred to, was immaterial and incompetent; that the findings of fact of the court below based thereon do not warrant its conclusion of law, viz.: that Havens appeared for the plaintiff without authority, and that the supreme court did not acquire jurisdiction to render the judgment sued on.

The defendant supposes, however, that the testimony in the case goes to show fraud and collusion between Havens and Mrs. Spencer, or her attorney ; and that though the conclusion to which the judge of the district court arrived upon the question of jurisdiction rendered it unnecessary for him to allude thereto, yet that this court may, and if necessary to support the judgment in the court below will, look into them. Inasmuch as no such issue is made in the case, we do not see how it could be possible for us to do so, if the evidence existed as in his opinion it does.

The defendant, adverting to the fact that the administrator of Mrs. Spencer (who had died intestate) sold and assigned this judgment to the plaintiff, observes that there is no allegation that said sale, &c., was made in the administration of the estate, or by order or leave of court, and states, though without citing any authority, that it may be questioned whether an administrator can of his own voluntary motion, and without some order of the probate court, assign a judgment belonging to the estate. That an administrator, in the absence of statutory restrictions, has an absolute power of disposal over the goods and chattels of the intestate, is a proposition

never before questioned, to our knowledge. If there be any such statutory restriction in New York, the fact should have been shown at the trial. It is not suggested, however, that there is, and so far as we are advised there is none. *Dayton on Surrogates, ch. 9, pp. 278, 279.*

Judgment reversed, and new trial ordered.