DRAPER v. TAYLOR ET AL.

1. **Appeal**: SERVICE OF NOTICE: UPON WHOM. Service of notice of appeal upon the wife of the adverse party does not comply with the requirements of the statute, and is not sufficient.

2. ——: ——: BY WHOM. The notice cannot be served by a party to the action.

*Appeal from Benton Circuit Court.*

WEDNESDAY, DECEMBER 12.

ACTION of replevin for an organ. The cause was sent to a referee, who reported findings of facts and law which entitle plaintiff to recover. A judgment according with the report was entered, from which defendants appeal.

*Cooper & Tewksbury*, for appellant.

*R. H. Gilmore*, for appellee.

BECK, J.—I. The notice of appeal in this case was served by one of the defendants, who are appellants, upon the wife of plaintiff and appellee. These facts are shown by an amended

abstract, and are not denied by defendants. The plaintiff insists that no sufficient service of notice has been made to give this court jurisdiction of the appeal. The objection thus raised we will now consider.

II. The statute directs that notices of appeal must be served upon "the adverse party, his agent, or any attorney 1. APPEAL: who appeared for him in the case in the court service of notice. below." Code, § 3178. There is no provision authorizing service upon a member of the party's family, as in the case of an original notice. As the statute directs the service to be made upon the party personally, or upon his agent or attorney, and no authority is given to make the service upon other persons, the service in this case upon the wife of appellee fails to comply with the law.

III. The service was made by one of the defendants. We have no statute authorizing service of notices of appeals to 2. ——: ——. be made by parties thereto. Indeed, we consider the provisions applicable thereto as forbidding it. Code, § § 2601, 3214. Service made by a party has been held by this court, under statutes similar in effect to those now prevailing, to be insufficient. *Marion County v. Stanfield et al.*, 8 Iowa, 406.

We conclude that the service of the notice of appeal in this case is not in accord with the requirements of the statute, and that we have, therefore, acquired no jurisdiction of the case. The appeal must be dismissed.

APPEAL DISMISSED.