HENRY MEYER, Defendant in Error, *v.* WILLIAM HARTMAN, Plaintiff in Error.

### June 12, 1883.

1. VOID JUDGMENTS — COLLATERAL ATTACK. — Advantage may be taken of a void judgment in a collateral proceeding, even though jurisdiction of the person appears affirmatively from the record.

2. —— JURISDICTION — NOTICE. — Where the statute provides that jurisdiction of the circuit court shall not attach, except upon notice to the adverse party, after a reversal of the judgment on appeal, if such notice is not given, further proceedings in the circuit court are void.

3. —— FOREIGN JUDGMENTS. — A foreign judgment rendered after a reversal and without such notice can not be made the foundation of an action in this state.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded.*

LOUIS GOTTSCHALK, for the plaintiff in error: Want of service of notice, or that appearance by attorney was unauthorized, may be shown to impeach a foreign as well as domestic judgment. — *Marx* v. *Fore*, 57 Mo. 69. And this can be done, even though the jurisdiction of the court over the person appeared affirmatively from the record.— *Eagler* v. *Stover*, 59 Mo. 87; *Corbey* v. *Wright*, 4 Mo. App. 443; *Napton* v. *Leaton*, 71 Mo. 358.

W. C. JONES, for the defendant in error: The appeal or writ of error must be regarded not as a new suit, but rather as the continuation of an old one. Freem. on Judg., sect. 569. "When the court has jurisdiction of the cause, and of the parties, and only proceeds erroneously, the judgment, notwithstanding such error, is binding until it is vacated or reversed." — *Smith* v. *Knowlton*, 11 N. H. 191.

THOMPSON, J., delivered the opinion of the court.

This was an action upon a judgment rendered in favor of the plaintiff and against the defendant in 1876, in the circuit court of Randolph County, Illinois. The answer admits the rendition of the judgment, but denies that the defendant appeared in his own proper person or by attorney. On the contrary, it alleges that the suit was begun in that court in 1874; that such proceedings were had, that at a trial in 1874, at which the defendant appeared, a judgment was rendered in his favor; that afterwards the plaintiff appealed to the supreme court of Illinois, and that, in 1876, the judgment was reversed and the cause remanded. The answer then states that it is provided by section 84, of chapter 110, of the Revised Statutes of Illinois of 1874, that when a cause or proceeding is remanded by the supreme court, upon the transcript of the order of the supreme court remanding the same being filed in the court from which the cause or proceeding was remanded, and not less than ten days' notice thereof being given to the adverse party or his attorney, the cause or proceeding shall be reinstated

therein ; and that in case of non-resident parties, or parties who can not be found so that personal notice can not be served upon them, the notice may be given as in cases in chancery, or as may be directed by the court ; and, that it is further provided by the laws of Illinois that in case of non-residents of the state, in chancery proceedings, notice of the commencement or pendency of suit shall be given by publication in some newspaper. The answer then alleges that the defendant is, and, ever since the year 1874, has been a resident and citizen of the state of Missouri, and that no notice whatever was given to him of the filing of the transcript of the supreme court in the office of the clerk of the circuit court of Randolph County, or of any of the facts required by law ; that neither he nor his attorneys received notice of any such facts, either personally or by publication, or otherwise ; and that neither he nor they did, in fact, know of the filing of the said transcript, or of the redocketing of said cause, or of any application for that purpose. Wherefore the defendant says that the circuit court of Randolph County had no jurisdiction to render the judgment, and that it is void.

On motion of the plaintiff the circuit court rendered a judgment in his favor and against the defendant, notwithstanding the answer. And the propriety of this ruling is what we have to consider.

The following propositions of law must be regarded as settled in this State : that a judgment rendered without notice is void (*Anderson* v. *Brown*, 9 Mo. 646 ; *Roach* v. *Burnes*, 33 Mo. 319) ; that advantage may be taken of such a judgment in a collateral proceeding (*Abbott* v. *Sheppard*, 44 Mo. 273 ; *Higgins* v. *Peltzer*, 49 Mo.152) ; that the fact that the judgment was rendered without notice, or upon an appearance of an attorney which was not authorized, may be shown to impeach a foreign as well as a domestic judgment (*Marx* v. *Fore*, 51 Mo. 69), and that this can be done, even though the jurisdiction of the court over

the person appears affirmatively by its record. *Eager* v. *Stover*, 59 Mo. 87 ; *Napton* v. *Leaton*, 71 Mo. 358, 367.

So far as we can ascertain, the Illinois statute which is set out in the answer, is a recent one. It does not appear to have been construed by the supreme court of that state. Prior to its passage it had been held in that state, that when a cause is remanded from the supreme to the circuit court, it may be redocketed in the circuit court and there proceeded with, without giving any notice to the opposite party. *Murray* v. *Whittaker*, 17 Ill. 230 ; *Renugh* v. *McConnell*, 36 Ill. 375. The statute was probably passed to remedy the evils which were found to flow from this rule. But whether it is to be so construed as to mean that the giving or publishing of notice, according to its terms, before the reinstating, in the circuit court, of a cause which has been remanded from the supreme court, is a step necessary to reinvest the circuit court with *jurisdiction* to proceed, so that, if the step is not taken, the subsequent proceedings will be void, or whether it is such a step, that the failure to take it will be merely an error or irregularity, which can only be taken advantage of in a direct proceeding to vacate the judgment, is a very important and difficult question. In our former opinion we did not feel called upon to decide this question, as, in the view we then entertained, it was not clearly raised in the pleadings. After a motion for a rehearing and a further consideration, we came to the conclusion that we were mistaken in our construction of the pleadings, and that it was our duty to decide the question on its merits.

Counsel have not cited in their brief, nor, in the limited time at our disposal, have we been able to find, any decision upon a question strictly analogous to this. The case of *Cone* v. *Hooper* (18 Minn. 531), which is cited and relied on by respondent, is not in point. That case was, like this, a suit on a foreign judgment, and the contention was that the judgment was void for want of notice of an appeal which had been taken from a prior judgment in the same

·case in favor of the defendant, which appeal had resulted in the reversal of such prior judgment, and in remanding the cause to the court below for further proceedings, upon which further proceedings the plaintiff had recovered against the defendant the judgment sued on. But, as the record showed that the defendant appeared in the appellate court by counsel at the hearing of the appeal, and argued the appeal on its merits, it was justly held that there was nothing in the point that he had not been served with notice of the appeal ; since his voluntary appearance, for all the purposes of the appeal, cured the defect of want of such service.

It has been held in other courts, generally, we believe, on motions to dismiss appeals, that where there is a statute which requires service of a written notice of the taking of an appeal, if no such notice has been served, or if it has not been properly served, the appellate court acquires no jurisdiction, unless there be a voluntary appearance for the general purposes of the appeal, and that, without such an appearance, the appeal may be dismissed on motion. See *Draper* v. *Taylor*, 47 Iowa, 407.

By the New York code of civil procedure, writs of error were abolished and appeals substituted therefor in all cases, and provision was made for serving written notice of appeal on the adverse party. The service of this notice has been regarded as a jurisdictional matter, which the party has the right to take advantage of at any time, provided he has not appeared and answered or proceeded in such a manner as to give the court jurisdiction over his person. *Tripp* v. *DeBow*, 5 How. Pr. 114.

The terms of the Illinois statute, as stated in the petition in this case, clearly import, that when the cause is removed from the circuit to the supreme court by appeal or writ of error, the jurisdiction of the circuit court therein is determined, and does not again attach until the cause shall have been remanded by the supreme court and " *reinstated* " in the circuit court after the giving of the notice therein specified. But for the existence

of this statute, we should apprehend that the party, being regularly before the supreme court, would be bound to take notice of the remanding of the cause, and would be bound to follow it to the circuit court, and to take notice of any further proceedings therein which might be had in that court, without the giving of any formal notice by the other party of his intention to take such proceedings. Such, at least, is our practice; and we do not know that it has ever been suggested here, that on the remanding of a cause from the supreme court, or from this court, to the circuit court, the respondent is entitled to notice of further proceedings in the circuit court. But the Illinois statute manifestly proceeds on a theory analogous to the practice in relation to the writ of error, which is deemed to be, not a continuation of the same cause, but in some sense at least, a new suit which can not be commenced effectively without a service of notice. That this is the view upon which the Illinois statute proceeds will perhaps be rendered more clear by reference to the section which follows: "If neither party shall file such transcript within two years from the time of the making of the final order of the supreme court reversing any judgment or proceeding, the cause shall be considered as abandoned, and no further action shall be had therein." The statute clearly contemplates that, after a remanding of the cause by the supreme court, the party who has been successful in the supreme court may, or may not, desire to proceed further in the circuit court; that if he shall elect to proceed further, he must file in the circuit court a transcript of the order of the supreme court remanding the cause, and give to the opposite party the notice already stated, or give notice by publication, or otherwise, by an order of the court as therein provided for; and that, until this is done, the jurisdiction of the circuit court to resume further proceedings in the cause does not attach. Its jurisdiction having determined by the rendition of its final judgment or decree, from which the appeal or writ of error was

prosecuted, that jurisdiction can only be revived in the mode which the legislature has prescribed. It seems that any subsequent proceedings taken by the circuit cour without the giving of such notice, actual or constructive, as the statute provides for, would be as clearly void as the action of the court would be, if, at a term succeeding that at which a judgment had been rendered, after the parties had gone hence, and without any notice to the party to be affected, it should set the judgment aside and render a new and a different judgment.

We hold, then, that upon the state of facts made by the *defendant's answer*, the judgment of the circuit court of Randolph County, Illinois, upon which this action is brought, was void, and that the court below erred in rendering judgment for the plaintiff upon the pleadings. The judgment is accordingly reversed, and the cause remanded. All the judges concur.